### J. PIEGZAR v. JOHN TWOHIG AND ANOTHER.

1. Partial payments voluntarily received in Confederate money will not be disturbed by this court.

2. A purchaser of land by executory contract sued his vendors for specific performance, alleging partial payments of purchase-money, and tendering the balance due. The defendants answered that some of the partial payments were made in Confederate money, and were therefore illegal and void, and alleged that such money was worth but thirty-three cents per dollar when paid, and on this basis they claimed to be due them a much larger balance than the amount tendered by plaintiff; and they prayed for general relief against the plaintiff. *Held*, that the prayer for general relief did not warrant the court below to decree a foreclosure against the plaintiff of the defendants' vendors' lien.

3. A district judge has no legal authority to sign a statement of facts after the close of the term at which the cause was tried.

ERROR from Karnes. Tried below before the Hon. D. D. Claiborne.

The material transactions between the parties are indicated in the opinion of the court and in the head-notes.

The district judge, in certifying to the statement of facts, set forth that it was made out in his own hand-writing, and had been filed by him with the clerk at the preceding term, when the cause was tried, but that by inadvertence he failed to sign it at that time; wherefore he signs it *nunc pro tunc*.

*L. S. Lawhon*, for the plaintiff in error.

*Hancock & West*, for the defendants in error.

WALKER, J. It appears from the pleadings that the plaintiff in error purchased from the defendants in error, on the 22d August, 1862, sixty acres of land, at ten dollars per acre. One hundred and twenty dollars in gold were paid in hand.

On the 15th of October following, four hundred dollars were paid in Confederate money, and on the 11th of February, 1863, the further sum of twenty-five dollars was paid in Confederate money, leaving a balance of the principal, fifty-five dollars, and interest, due when this suit was brought for title—the plaintiff tendering the amount so due.

The defendants below repudiated the Confederate money payments, claiming the entire purchase-money, with interest, excepting the first one hundred and twenty dollars paid, which was paid in gold.

The Confederate money was paid and received, as far as we can learn from the record, without objection on the part of the defendants in error, and it is not in accordance with the decisions of this court that we should disturb this transaction. The plaintiff in error was entitled to a conveyance of the land on payment of the balance of the purchase-money, principal and interest.

The judgment of the court is erroneous. Under a prayer for general relief, the defendants were not entitled in this case to a foreclosure of a vendor's lien; the money due them was tendered, and they should have accepted the tender and made the deed.

Most of the other assignments for error cannot be noticed, for want of a proper statement of facts.

The district judges have no right to sign a statement of facts after the close of the term in which the cause has been tried.

The judgment of the District Court is reversed and the cause remanded.

Reversed and remanded.