## J. E. GARRETT ET AL. v. INTERSTATE BANK ET AL.

### No. 3187.

1. **Construction of an Imperfect Promissory Note.**—A writing in the form following was properly admitted in evidence and was sufficient to support a judgment for $100, etc.: "$100. Texarkana, Texas, 4—2, 1888. On or before July 1, 1888, I promise to pay to the order of Benj. Whitaker the sum of one hundred ———— with interest," etc.

2. **Same.**—The sign and figures "$100" in the margin of the note indicate that it was the word *dollars* that was omitted in the body of the note.

3. **Vendor's Lien.**—Plaintiff sued upon a vendor's lien note dated March 28, 1888, executed for "lot 11, in block I, in Tilson's & Pilcher's addition to Texarkana, Texas." Intervenor set up another vendor's lien note upon the same lot of date April 2 of same year. Each note recited that it was given for a part of the purchase money of said lot "this day" sold by H. W. Dillard to J. E. Garrett; *held*, upon objection, that the note to intervenor was competent to show the lien. The recital of date of sale in the later note evidently was by mistake.

4. **Pleadings—Vendor's Lien.**—The allegation that the note set out was given in part payment for the land (described), with prayer for foreclosure, no exceptions being taken, are sufficient to sustain a judgment of foreclosure of the lien.

5. **Stipulated Attorney Fee in Lien Note.**—In a vendor's lien note it was stipulated that in case of suit an attorney fee should be added. Upon suit it is proper to foreclose the lien for benefit of the attorney fee.

APPEAL from Bowie. Tried below before Hon. John L. Sheppard. The opinion states the case.

*F. M. Henry,* for appellants.—1. A promissory note void on its face for uncertainty because it does not express any sum of money to become due and payable is not admissible in evidence to prove a debt, without an allegation setting up mistake and asking to supply the mistake in the note by oral proof.

2. The vendor's lien is not the creature of contract, but arises out of the sale of land, and exists only when a valid sale of land takes place on a credit.

3. The intervenor, Whitaker, did not allege any sale of the premises, so as to lay a foundation for a judgment foreclosing the vendor's lien.

*H. C. Hynson,* for appellee.—1. A note which omits the word "dollars" but inserts the amount in figures and precedes it with a "dollar mark" is sufficient. Petty v. Fleishel, 31 Texas, 169.

2. It was not error to decree foreclosure, inasmuch as the lien was an express lien, reserved on the face of the note.

3. Upon the institution of the suit the stipulated attorney fees become a part of the indebtedness. Martin Brown Co. v. Perril, 77 Texas, 200.

GAINES, ASSOCIATE JUSTICE.—This suit was brought by E. W. Taylor and P. T. Norwood, partners doing business under the name of the

Interstate Bank, to recover of appellant Garrett as maker and appellant Dillard as endorser of a promissory note, and to enforce a vendor's lien upon a certain town lot for the purchase money of which the note was given.   Appellee Whitaker intervened, alleging that he was the owner of another promissory note executed by Garrett for the purchase money of the same lot, and prayed judgment accordingly.   The plaintiffs and intervenor recovered judgments upon their respective demands, and obtained decree enforcing the lien upon the lot.

The writing offered in evidence by intervenor reads as follows:

"$100.                             TEXARKANA, TEXAS, 4 — 2, 1888.

"On or before July 1st, 1888, I promise to pay to the order of Benj. Whitaker the sum of one hundred ———, with interest at the rate of 10 per cent per annum from date hereof until paid, for value received. This note is given in part payment of the purchase money for lot (11) eleven, in block I, Tilson's & Pitcher's addition to Texarkana, Texas, this day deeded to me by H. W. Dillard; and for the payment hereof, together with the interest hereon, according to the terms and reading hereof, a vendor's lien is hereby acknowledged; and in case of legal proceeding on this note I agree to pay 10 per cent of the amount as attorney fees."

It is claimed that this instrument is void, because the blank leaves it uncertain what was to be paid.   But if the words "pay the sum of," "purchase money," etc., in the note were not sufficient to show that money was to be paid, or if in such a case we would not be authorized to conclude that the sum to be paid was one hundred dollars—that is to say, one hundred of the "units commonly employed in the United States in reckoning money values"—the sign and figures "$100" in the margin are not to be mistaken.   They are to be looked to, and show that "dollars" was the word omitted in the body of the note, and that the omission was unintentional.

It is also claimed that it was error to render a decree enforcing the vendor's lien, because the contract of sale from which the lien was alleged to have sprung was not proved.   Each note recited that it was given for a part of the purchase money of lot 11, in block I, in Tilson & Pitcher's addition to Texarkana, Texas, "this day" sold by H. W. Dillard to J. E. Garrett.   The notes were introduced in evidence, and if each note stood by itself, there is no question but that this was sufficient proof of the sale. But the plaintiffs' note is dated March 28, 1888, and intervenor's is dated April 2 of the same year.   Now since each note acknowledges a sale on the day it was executed, it is apparent that there is a discrepancy in the evidence.   But it is highly improbable that Dillard after selling the lot to Garrett on the 28th of March sold it to him again on the 2d of April. The recital in each of the notes that it was given for a part of the purchase money of the lot, with the other circumstances suggested by the face of the writings, we think sufficient to authorize the court to conclude that

there was a sale on the 28th of March, that Whitaker's note was given for a part of the purchase money promised to be paid in that transaction, and that the words "this day" in that note were inserted through mistake. Most likely Dillard after the sale, in consideration of some existing indebtedness or of some new contract, agreed to transfer one of the notes to Whitaker, and caused the note to be made directly to him in pursuance of the arrangement.

It is assigned that the court erred in enforcing any lien in favor of Whitaker, because it was not alleged in his plea of intervention. The intervenor did allege that "the note was given in part payment for the purchase money for" the lot, describing it. From this the law implies a lien in favor of the holder of the note, and it was not necessary to allege the legal conclusion. A foreclosure of the lien was prayed for. If defendants had desired a more specific allegation in reference to the contract of sale they should have excepted specially to the plea of intervention upon the ground that the averment was too general.

There was no error in foreclosing the lien for the attorney fees. Neese v. Riley, 77 Texas, 348.

The judgment is affirmed.

*Affirmed.*