# SECOND DISTRICT, 1895.

### S. L. MORRIS v. J. T. HOLLAND.

### No. 1841.

1. **Rescission of Conveyance to Minor—Vendee's Lien for Money Paid.**—
Where a conveyance of real estate to a minor is sought to be avoided on the ground
of nonage, upon a tender to the vendor of a reconveyance, a vendee's lien upon the
land will be implied to secure a return of purchase money already paid.

2. **Pleading—Allegation of Lien and Prayer for Foreclosure.**—It is not nec-
essary to allege the existence of a lien where the facts stated show the existence, and
a general prayer "for all other and further relief in law or equity" to which the
pleader is entitled "by reason of the premises" is sufficient to authorize a foreclosure
of the lien.

APPEAL from Potter. Tried below before Hon. H. H. WALLACE.

*Plemons & Pendleton,* for appellant.—1. Appellant was entitled to
his equitable vendee's lien for the money paid to appellee for the pur-
chase of said land, and to have a judgment foreclosing the same on a
rescission of his purchase. Galbreath v. Reeves, 82 Texas, 357.

2. Appellant was entitled to have his said lien foreclosed, under the
prayer for general and equitable relief. Fowler v. Stoneum, 11 Texas,
240; Trammell v. Watson, 25 Texas, 216; Silberberg v. Pierson, 75
Texas, 290.

*Holland, Link & Holland,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—This suit was brought by appel-
lant upon attaining his majority, to rescind a conveyance of real estate
made to him during his minority by appellee, and to recover the
money paid and cancel the notes given for the purchase price.

He tendered in court a reconveyance in due form, and, after alleg-
ing the facts, prayed for a cancellation of the sale and notes, and for
a recovery of the sums paid, concluding the prayer as follows:
"And prays for all other and further relief in law or equity that he
may be entitled to by reason of the premises." The petition did not
charge, except by the facts stated, the existence of a lien on the land
to secure a repayment of the money sought to be recovered, nor did
it pray, except as above shown, for the foreclosure of such lien.

The amount in controversy was not sufficient to give the District
Court jurisdiction. Judgment was entered upon the verdict of a jury
in favor of appellant for $186.91, with interest, but was arrested, on
motion of appellee, and the suit dismissed for want of jurisdiction.

As none of the assignments of error have been copied in appellant's brief, we consider only the fundamental error thus presented by the record. If from the facts stated in the petition the vendor's or vendee's lien did not arise, or the prayer quoted did not warrant its foreclosure, there is authority for the action of the court in dismissing the cause for want of jurisdiction. Mixan v. Grove, 59 Texas, 573.

The first question then is, where a conveyance of real estate to a minor is sought to be avoided on the ground of nonage, upon a tender to the vendor of a reconveyance, will a lien upon the land be implied to secure a return of the purchase money already paid? It is our opinion that this question should be answered in the affirmative. When an adult sells to a minor and receives the purchase money, it is with the implied understanding that the latter has the right, upon coming to age, to reconvey the land and have the purchase money returned to him. There is, therefore, an implied promise that he will, in that event, repay the money and take a reconveyance to the title. The same equitable principle which gives the vendor a lien for unpaid purchase money would seem to be applicable; the position of the minor in reconveying in order to insist upon the implied promise of repayment being somewhat analogous to that of a vendor. But if his true position be regarded as that of vendee throughout, might he not claim the benefit of the vendee's lien? 3 Pom. Eq., sec. 1263; 2 Jones on Liens, secs. 1105, 1106.

The latter author lays it down, that "where a purchaser properly declines to complete a contract of sale, it seems there should be a lien for the purchase money paid upon it wherever a vendor's implied lien exists." Having the right to do so upon attaining his majority, appellant properly declined to complete the purchase; but, however viewed, we think he had an equitable lien on the land for which the money had been paid.

The next question is one of pleading. That it is not necessary to allege the existence of a lien (which involves a conclusion), where the facts stated show its existence, has been decided. Garrett v. Bank, 79 Texas, 133, 135. But may a lien duly alleged be foreclosed in the absence of a prayer for that specific relief, there being a prayer for general relief? The opinion in Piegar v. Twohig, 37 Texas, 225, contains a negative answer to this question; but it was not necessary to that decision, and seems in conflict with Fowler v. Stoneum, 11 Texas, 477, 512. In this case the prayer was for the recovery of the money paid upon the land, and for "all other and further relief in law or equity" to which he was entitled "by reason of the premises." The facts alleged showed that he was entitled to a foreclosure. We therefore construe this to be a prayer, though general, in substance and effect for that relief.

From this conclusion it follows that the suit involved a foreclosure of a lien on real estate, and that there was error in dismissing for want of jurisdiction.

The judgment will be reversed, and the cause remanded for a new trial.

*Reversed and remanded.*

Delivered May 1, 1895.