**STOCKWELL v. MELBERN et al.**
**(No. 7142.)**

(Court of Civil Appeals of Texas. Galveston. March 16, 1916. Rehearing Denied April 13, 1916.)

1. PLEADING ⊂⊃349—JUDGMENT—ADMISSION OF CAUSE OF ACTION.

In a suit by the seller of land against his own agent and the buyer for debt due on the written contract, where the buyer answered in the nature of confession and avoidance, asking affirmative relief on the ground of fraud, and the seller's agent did neither, but, in effect, admitted his liability on the cause of action against him, the court should have entered judgment for the plaintiff against the agent.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1067–1069; Dec. Dig. ⊂⊃349.]

2. PLEADING ⊂⊃228—EXCEPTION—ADMISSION.

An exception to a portion of a cross-bill admits the truth of the allegations excepted to.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 584–590; Dec. Dig. ⊂⊃228.]

3. VENDOR AND PURCHASER ⊂⊃337 — REMEDIES OF BUYER—FRAUDULENT REPRESENTATION—LIEN FOR PURCHASE MONEY.

A buyer of land induced to contract by the seller's claim that he owned good title, which he did not have, the claim being fraudulently made

to induce the buyer to part with his money, was entitled to a lien upon the land for the purchase money paid.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 985–990; Dec. Dig. ☞337.]

4. JUDGMENT ☞256(2) — SUPPORT BY FINDINGS.

In a suit by the seller of land against the buyer and the seller's agent on the contract, the buyer defending by asking affirmative relief on the ground that the contract was procured by the joint fraud of the seller and his agent, where the jury found that the seller and his agent concealed from the buyer that there had been claims of vacancy filed against the land, that the buyer would not have contracted had such claims of vacancy been known to him, that the seller knew the fact, that when the buyer contracted he did not know that the seller was going to hold up the check in the seller's favor given him by the agent, and that the concealments and acts on the part of the agent were willfully made and done with the intent to deceive the buyer, the court's refusal to render judgment for the seller on the jury's response to a special issue that the contract was a bona fide contract was proper.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 447; Dec. Dig. ☞256(2).]

Error from District Court, Brazoria County; Samuel J. Styles, Judge.

Suit by Elmer P. Stockwell against Charles W. Melbern and another. To review a judgment for the named defendant on his cross-bill, plaintiff brings error. Affirmed in part; reversed and rendered in part. See, also, 168 S. W. 405.

Elmer P. Stockwell, of Angleton, for plaintiff in error. W. J. Johnson and Edward S. Boyles, both of Houston, for defendant in error.

McMEANS, J. Elmer P. Stockwell brought this suit against Charles W. Melbern and J. J. West for debt in the sum of $1,000, and 7 per cent. interest thereon from December 24, 1912, alleged to be due upon a written contract.

Charles W. Melbern answered, admitting that according to the apparent tenor of the contract he was indebted to Stockwell for said sum, and admitted plaintiff's cause of action, except in so far as the same should be defeated by the subsequent allegations of his answer. He then pleaded a failure of consideration for the execution of the contract, and that the contract was procured by the joint fraud of Stockwell and the defendant J. J. West, setting out with particularity the facts constituting the alleged fraud and failure of consideration, which need not be here repeated. He also filed a cross-bill against both Stockwell and West in which he sought a recovery of $850 as actual damages, with 6 per cent. interest thereon from September 24, 1912, and for cancellation of said contract, and for the cancellation of a duebill of $150 theretofore executed by him to Stockwell, and for the establishment and foreclosure of a vendee's lien upon certain land, the subject-matter of the contract, in

part payment for which the $850 and the duebill for $150 had been given, and for exemplary damages in the sum of $10,000.

J. J. West filed an answer in which he, in effect, admitted as true the allegations of Stockwell's petition, and denied the allegations of Melbern's cross-bill.

Stockwell filed a general demurrer and a special exception to Melbern's cross-bill, which were overruled, and he duly preserved his exceptions.

The case was tried before a jury upon special issues, and upon the coming in of the verdict a judgment was rendered thereon in favor of Melbern on his cross-bill against Stockwell for $850, and interest, and canceling of the contract between Stockwell and Melbern and West for the purchase of lands, and canceling the duebill for $150 executed by Melbern and West to Stockwell, and adjudging all costs against Stockwell, and foreclosing a lien in favor of Melbern as against Stockwell on certain lands and ordering its sale as under execution. From this judgment Stockwell has brought the case to this court for review by writ of error.

The first assignment of error complains that the court erred in overruling Stockwell's general demurrer to Melbern's answer and cross-bill. The cross-bill is too lengthy to be copied in this opinion, and it must suffice, therefore, to say that after a careful consideration of the assignment and inspection of the answer we have concluded that it is without merit, and is overruled.

The second assignment complains that the court erred in not rendering judgment for plaintiff in error on the admission in the pleadings of West and Melbern.

[1] Melbern's answer was in the nature of a confession and avoidance. The matters alleged in avoidance were submitted to the jury, and under their findings a judgment was properly entered in his favor. But this is not true as to West. He did not plead in avoidance of the cause of action asserted by Stockwell, or ask for affirmative relief against him, but the effect of his answer was to admit his liability on the cause of action asserted against him by Stockwell. This being true, the court should have entered judgment for Stockwell against West for the amount sued for; and this court proceeding now to enter such judgment as the court below should have entered now renders judgment for Stockwell against West for $1,000, with 7 per cent. per annum interest thereon from September 24, 1912.

Stockwell specially excepted to that portion of Melbern's cross-bill in which the latter sought to have established a lien on the land, the subject-matter of the contract, for part of the purchase money of which he had paid to Stockwell the sum of $850, alleging that he was induced to make the payment through the fraudulent representations of

Stockwell and West. The third assignment complains of the action of the court in refusing to sustain this exception.

[2, 3] The effect of an exception is to admit the truth of the allegations excepted to. Viewed in this light, Stockwell had procured from Melbern $850 as a payment upon land which Stockwell claimed he owned by a good title which he did not have, and the claim was fraudulently made to induce Melbern to part with his money. If Melbern, under his pleadings and proof, was entitled to a rescission of the contract of sale and a return of the purchase money he had paid to Stockwell, we see no reason why an implied lien upon the land did not exist in his favor as security therefor. 2 Jones, Liens, §§ 1105, 1106, lays down the rule that:.

"Where a purchaser properly declines to complete a contract of sale, it seems there should be a lien for the purchase money paid upon it, wherever a vendor's implied lien exists." Morris v. Holland, 10 Tex. Civ. App. 474, 31 S. W. 690; 3 Pom. Eq. par. 1263.

The fourth assignment complains that the court erred in not disposing of all the parties and all the issues by the judgment appealed from. We had occasion to pass upon this exact question upon an appeal prosecuted by Stockwell from a judgment refusing to grant his application for a temporary injunction restraining the enforcement of the judgment upon the ground upon which this assignment of error is based, and there overruled his contention in that regard. Stockwell v. Melbern, 168 S. W. 405. We are satisfied with the ruling there made, and see no reason for receding from it. The assignment is overruled.

[4] The fifth assignment complains that the court erred in not rendering judgment for Stockwell upon the answer of the jury to special issue No. 2. We think the assignment is not well taken. In order to a clear understanding of the assignment and our ruling upon it, we here set out all the special issues submitted to the jury, and the answer of the jury to each, viz.:

"Question No. 1: Was the cross-defendant J. J. West on the 26th day of September, 1912, and at the time of the entering into the contract which has been presented in evidence, the agent of the said Elmer P. Stockwell for the sale of said land in question to the said C. W. Melbern? Answer: Yes.

"Question No. 2: At the time of the entering into the contract in evidence by and between the various parties to this suit was the cross-defendant West a bona fide purchaser with the said Melbern, or was the sale to him without consideration? Answer: The contract was a bona fide contract.

"Question No. 3: Did the cross-defendants, Stockwell and West, or either of them, with the other's knowledge, conceal from the cross-plaintiff, C. W. Melbern, the fact that there had been claims of vacancy filed against this particular land, or any part thereof? Answer: Yes.

"Question No. 4: If you answer the foregoing question in the affirmative, then answer the following question: Would the cross-plaintiff, Melbern, have entered into said contract had such filings and claims of vacancy against said land been made known to him? Answer: No.

"Question No. 5: Did the cross-defendant Stockwell know, or would he reasonably have known, that the said cross-plaintiff, Melbern, would not have entered into said contract had the claims of vacancy, if any, been known to the said Melbern? Answer: Yes.

"Question No. 6: If you answer question No. 3 in the affirmative and question No. 4 in the negative and question No. 5 in the affirmative, then you will answer the following question: Did the defendant Melbern, after acquiring knowledge of the alleged fraud, if any, ratify the contract entered into on the 26th day of September, 1912, and placed in evidence in this case? Answer: Yes.

"Question No. 7: Did the defendant Melbern know that the plaintiff Stockwell was going to hold up the check in his favor given him by the defendant West? Answer: No.

"Question No. 8: If you answer the foregoing question in the negative, then would the defendant Melbern have entered into said contract had he known that said check was to be held up? Answer: No.

"Question No. 9: If you answer interrogatory No. 3 in the affirmative and interrogatory No. 7 in the negative, and interrogatory No. 8 in the negative, then were such concealments and acts on the part of the cross-defendants Stockwell and West, willfully made and done with the intent to deceive the said Melburn? Answer: Yes.

"Question No. 10: If you answer the foregoing question in the affirmative, then how much, if any, punitive or exemplary damages should the cross-plaintiff, Melbern, receive against the said Stockwell and West? Answer: Not any."

Plaintiff's requested charge No. 2:

"Did or did not cross-plaintiff, Melbern, after he was apprised of the vacancy claim and after he had an opportunity to investigate same, either by writing or by actions, or both, reaffirm or ratify the contract from Stockwell? Answer: In first letter defendant ratified, but after further investigation he did not."

Plaintiff's requested charge No. 6:

"Did the defendant Melbern, after acquiring knowledge of the alleged fraud, if any, promptly disaffirm the said contract? Answer: Yes."

While it is true that the jury answered interrogatory No. 2 that the contract was a bona fide contract, it will be clearly seen from the answers to the other questions that the jury meant simply that the contract was entered into by Melbern with West in good faith and without any knowledge of any of the fraudulent matters which afterwards came to his attention. This is shown by the finding of the jury that Stockwell and West concealed from Melbern the fact that there had been claims of vacancy filed against the land, and the finding by the jury that Melbern would not have entered into said contract had such findings and claims of vacancy against said land been made known to him; and the further finding that Stockwell knew that Melbern would not have entered into said contract had the claims of vacancy been made known to him, and the further finding by the jury that at the time Melbern entered into the contract he did not know that Stockwell was going to hold up the check in his (Stockwell's) favor given him by the defendant West, and the further finding by the jury that the concealments and acts on the part of the said Stockwell and West were willfully made and done with the intent to deceive said Melbern.

In this view we think it was not error for the court to refuse to render a judgment for Stockwell upon the answer of the jury to the second special issue. This assignment is overruled.

We think the sixth and seventh assignments are without merit, and they are overruled.

We are of the opinion that the judgment in favor of Melbern against Stockwell should be affirmed, and, in view of the admission in West's answer, that the judgment in favor of West should be reversed, and judgment rendered in Stockwell's favor against him, and it has been so ordered.

Affirmed in part; reversed and rendered in part.