MILLER et ux. v. McADEN.    (No. 6627.)*

(Court of Civil Appeals of Texas.    June 27, 1923.)

**1. Infants ⬅️102—Ratification of contract by minor after attaining majority held question for jury.**

In an action to rescind a contract for the purchase of realty entered into by plaintiff during his minority, where the only evidence of ratification after attainment of his majority was the fact that plaintiff recorded the deed and listed the property for sale before he had seen it, and before he knew his legal rights in the premises, *held*, that the question of ratification was one for the jury.

**2. Infants ⬅️31(1)—Purchase or sale of realty by infant cannot be disaffirmed prior to attainment of majority.**

The purchase or sale of realty by a minor cannot be disaffirmed or repudiated prior to the attainment by such minor of his majority.

**3. Infants ⬅️98—Knowledge of infant of defects in contract at time of attaining majority not presumed; may be proven.**

One suing to repudiate a contract entered into during his minority will not be presumed to have known of defects in the contract at the time of reaching his lawful age, though such knowledge of the law or lack of it must or may be proven as any other fact in the case.

**4. Infants ⬅️31(1)—Repudiation of contract must be made within reasonable time after attaining majority.**

Disaffirmance or repudiation of a contract by a minor, after attainment of his majority, must be made within a reasonable time; what is a reasonable time being a question of fact determinable from all the circumstances, the situation of the parties, their accessibility to and observation of the subject-matter.

**5. Infants ⬅️100—Evidence held to sustain verdict contract was repudiated within reasonable time.**

Evidence that one suing to repudiate a contract for the purchase of realty entered into during his minority attained his majority on February 13, viewed the property for the first time on June 6th or 7th, and thereafter, within three or four days, after consulting an attorney, gave notice of his intention to rescind, *held* sufficient to sustain a verdict that the contract was repudiated within a reasonable time.

**6. Trial ⬅️352(5)—Issue as submitted held not to commingle two issues, or submit one in negative manner.**

In an action to repudiate a contract entered into by plaintiff during his minority, a special issue as follows: "Do you find from a preponderance of the testimony that the plaintiff,

———, at any time * * * repudiated or disaffirmed his contract of purchase with the defendant, ———, * * * or did he ratify and affirm it?"—*held* not objectionable as submitting the defense of ratification in a negative manner and intermingling it with plaintiff's claim of repudiation.

**7. Trial ⬅️351(5)—Denial of requested special issue covered by other given held not reversible error.**

Denial of a special requested issue *held* not error where the issue involved was properly covered by another issue submitted, though such requested issue might, under rule 62a (230 S. W. ix), have been properly given.

**8. Trial ⬅️350(4, 8)—Special issues submitting questions not denied by adverse party held properly denied.**

In an action to rescind a contract for the purchase of realty entered into by plaintiff during his minority, special issues as to whether plaintiff had listed the property for sale with a real estate firm and whether he had intended to sell it if he received his price *held* properly denied as calling for findings on mere matters of evidence, and particularly as they submitted matters not in controversy, but admitted by plaintiff.

**9. Trial ⬅️194(11)—Charge that ratification of contract could be shown by certain acts held properly denied as charge upon weight of evidence.**

In an action to rescind a contract for the purchase of realty entered into by plaintiff during his minority, an instruction that ratification after attainment of majority could be shown by certain acts *held* properly denied as being a charge upon the weight of the evidence.

**10. Trial ⬅️194(11)—Instruction held properly denied as being charge upon weight of evidence.**

An instruction, in an action to rescind a contract entered into by plaintiff during his minority, defining the term "ratification," and declaring "any conscious act of ownership of said property, or act of dominion over same, such as-offering the same for sale, or any act or declaration by plaintiff showing an intention on his part to keep said property would be sufficient to constitute a ratification," *held* properly denied as being a charge upon the weight of evidence.

**11. Trial ⬅️352(4)—Instruction submitting issue not raised by pleadings or evidence held properly denied.**

In an action to rescind a contract for the purchase of realty entered into by plaintiff during his minority, special charge submitting the issue whether plaintiff had sufficiently repudiated the contract and tendered back the property *held* properly denied where neither the pleadings nor the evidence raised the issue of tender.

**12. Infants ⬅️31(2)—Acts held sufficient to constitute tender back of property after rescission of contract of purchase.**

An offer by one seeking to rescind a contract for the purchase of realty, entered into

during his minority, to execute a deed conveying the property, and a tender into court of a deed duly executed, *held* sufficient to constitute a tender back of such property.

**13. Trial ⬤260(9)—Instruction that burden of proof was upon plaintiff held properly denied in view of form of special issue submitted.**

In an action to rescind a contract entered into by plaintiff during his minority, where each special issue submitted to the jury was prefaced with the phrase, "Do 'you find from a preponderance of the testimony," *held*, that the court properly denied a special requested charge that the burden of proof was upon plaintiff to establish, by a preponderance of the evidence, each special issue submitted, since the quoted form of the issues as submitted was tantamount to a charge that the burden of proof was upon plaintiff.

**14. Infants ⬤105—In action to rescind contract entered into during plaintiff's minority, lien on property involved may be established and foreclosed under prayer for general relief.**

In an action to rescind a contract for the purchase of realty entered into by plaintiff during his minority, where both special and general relief is prayed for, *held*, that the court did not err in establishing and foreclosing a lien upon the realty in controversy, and ordering it sold in payment of the judgment; it being unnecessary to plead such lien or include a prayer for its foreclosure.

Appeal from District Court, Milam County; John Watson, Judge.

Action by Leon H. McAden against Conn Miller and wife. Judgment for plaintiff, and defendants appeal. Affirmed.

Chambers, Wallace & Gillis, of Cameron, for appellants.

U. S. Hearrell, of Cameron, for appellee.

### Statement.

BLAIR, J. This suit was filed by appellee against the appellants for a rescission of a contract conveying a certain lot or tract of land, and to recover the purchase money, because of the alleged minority of appellee at the time of the purchase of said real estate; which contract he alleges that he elected to repudiate and disaffirm within a reasonable time after he became of lawful age. Aside from the question of fraud, which was found adversely to appellee by the jury, the only other issue made by the pleadings was whether appellee had, after reaching his majority, elected within a reasonable time to repudiate or disaffirm the contract, or had he ratified or affirmed the same, thereby precluding him from demanding a rescission of the contract and a return of his purchase money.

### Findings of Fact.

The testimony shows that in March, 1919, both appellant Conn Miller and appellee,

Leon H. McAden, were engaged in the railway service at Cameron, Tex. Miller was engaged as day telegraph operator and ticket agent, and McAden as night telegraph operator and ticket agent, for the same railway company. Appellee was then a minor, 19 years of age, who had been emancipated by his father to the extent of permitting him to work for the railway company and to collect his own salary. Miller was a matured married man, with a family. Appellant Miller was the owner of a vacant lot in the Fullview addition to the city of Temple, Tex., in an adjoining county, which lot he sought to sell appellee, representing it to be well worth $650, the agreed price to be paid for the same. Appellee paid the consideration for the lot, $50 in cash, on March 18, 1919, the date of the purchase, and executed an installment note for $600, payable $50 per month, the last installment being paid on November 15, 1920. The installment note bore no interest. The release of the installment note was duly executed on December 11, 1920, by appellants, and delivered to appellee. Appellee purchased the lot without seeing. it, and upon the representation that it was worth the price paid, and he never saw the lot until after he reached his majority . On February 13, 1921, appellee became of lawful age, having been born February 13, 1900. On February 22, 1921, at the suggestion of his father, whom he was visiting in Brown county, he had the deed and the release, executed by Miller and wife to himself, recorded in Bell county, Tex., the county in which the lot in question was located. At this time he had never seen the lot, and knew nothing about it. Thereafter, on June 6, 1921, he went to Temple, Tex., and before seeing the lot listed it for sale with R. O. Culp & Co., a real estate firm of Temple, Tex. Either on the 6th or 7th of June he went to see the lot, and found it outside of the city limits, and in what he termed a "Johnson grass farm." He testified that he thought it was worth only about $250 and a real estate man of Temple also testified that it was worth only about $300, at the time of the purchase, while other real estate men of Temple testified that the lot was worth from $600 to $700. However, we do not deem the value of the lot as material, except in so far as it bears upon the reason why appellee wished to rescind the contract after he became of lawful age, and in law capable of determining whether or not the contract made during minority was beneficial to him. Appellee further testified that he would have taken $600 for the lot if he could have gotten it after he saw it, but that he went back to Culp & Co., before leaving Temple, on the 7th of June, and told some of the representatives of the company that they might as well take the lot off the market, as

it would not bring what he was asking for it. He then returned to his home at Brownwood, Texas, and, on the 9th of June, consulted a lawyer, who advised him of his rights in the premises, which was the first time he knew that he could avoid the contract because it was made during his minority. On the 10th of June appellee's attorney wrote a letter to appellant, telling him that appellee wished to rescind the contract, and offering to execute a deed reconveying the property to appellants, and asked for a return of the purchase money, stating that appellee was a minor at the time the contract was made, and contending that he had been overreached by appellant in selling him the lot.

On the 11th of June, 1921, appellee personally wrote a letter to the appellant Conn Miller, in which he stated that he wished to rescind the contract because it was made during his minority, offering to execute a deed of reconveyance to appellants, and stating that Miller had misrepresented the location and the value of the lot to him at the time of the sale, and asked for a return of his purchase money. Miller replied to both the letter from appellee and his attorney, refusing to comply with the request.

Appellants introduced no testimony tending to show that appellee had ratified the contract after he reached his majority, but relied upon the acts of appellee in filing the deed and release for record, and the listing of the lot for sale after he reached the age of 21 years, to estop him from repudiating or disaffirming the contract.

### Opinion.

[1, 2] Appellants, by their first proposition, contend that the acts of appellee in recording the deed and release after he became of age and the listing of the lot for sale were such an assertion of ownership that he became estopped to repudiate the contract, and that the court erred in not so instructing the jury in their behalf. We do not sustain this proposition. It is well settled that the question of ratification of a contract executed during minority, after the minor has reached lawful age, is one for the jury, and in this case, the jury having found adversely to appellants upon sufficient testimony to sustain their verdict, it will not be disturbed by this court. We are of the opinion that, where the only evidence of ratification of a contract executed during minority after the minor became of lawful age was the fact that he recorded the deed and release of the note given for a part of the purchase price of the real estate, and the listing of said real estate for sale before he had seen same, and before he knew his legal rights in the premises, is a question for the jury to determine. It is well settled that the purchase or sale of real estate by a minor cannot be disaffirmed or repudiated, nor can the deed or instrument evidencing the contract be canceled, until after the minor becomes of lawful age, the reason for the rule being based upon the idea and reasoning that want of discretion continues until the minor reaches full age; for without legal discretion the minor would be unable to determine if the contract was beneficial or not. Cummings v. Powell, 8 Tex. 91; Bingham v. Barley, 55 Tex. 285, 40 Am. Rep. 801; Searcy v. Hunter, 81 Tex. 646, 17 S. W. 372, 26 Am. St. Rep. 837; Stuart v. Baker, 17 Tex. 418; Vogelsang v. Null, 67 Tex. 467, 3 S. W. 451; Rapid Transit Co. v. Sanford (Tex. Civ. App.) 24 S. W. 587; Morris v. Holland, 10 Tex. Civ. App. 474, 31 S. W. 690.

[3] It has also been well settled that no presumption will be indulged against a minor that he knew the defects in the contract, as a matter of law, upon his reaching lawful age; but such fact of knowledge of the law, or lack of knowledge of the law, must be or can be proved, as any other fact in the case. Stooksbury v. Swan, 85 Tex. 572, 22 S. W. 966; Fletcher v. Koch Co. (Tex. Civ. App.) 189 S. W. 501. In view of these authorities, we must conclude, therefore, that whether the acts of appellee, in recording the deed and release and listing the lot for sale constituted a ratification or an affirmance of his contract was a question for the jury in this case, and their verdict, based upon such testimony, will not be disturbed.

[4] The other question submitted under this proposition is whether appellee acted or gave notice within a reasonable time that he had elected to repudiate or disaffirm the contract. The rule in Texas is that a minor must repudiate or disaffirm a contract made during minority after he reaches lawful age within a reasonable time. What is a reasonable time is a question of fact to be determined from all of the facts and circumstances of the case, having due regard of the situation of the parties, their accessibility to and observation of the subject-matter of the contract, and the opportunity of the minor affected to determine whether the contract so made was beneficial to him. Johnson v. Johnson, 38 Tex. Civ. App. 385, 85 S. W. 1023; Searcy v. Hunter, 81 Tex. 646, 17 S. W. 372, 26 Am. St. Rep. 837; Simkins v. Searcy, 10 Tex. Civ. App. 406, 32 S. W. 849; Bingham v. Barley, 55 Tex. 286, 40 Am. Rep. 801; M. P. R. R. v. Brazzil, 72 Tex. 240, 10 S. W. 403.

[5] The facts in this case show that a little less than four months had elapsed between the time appellee became of lawful age and the time when he gave notice of his intention to repudiate or disaffirm the contract. It further shows that only three or four days elapsed, according to the testimony of appellee, between the time he first saw the lot and the time he gave notice of his intention to rescind the contract. In

other words, within three or four days after he had seen the lot which had been sold to him during his minority he became convinced in his own mind that he had been overreached by the appellants in the contract made during his minority, and he elected to repudiate or disaffirm the same. The jury's verdict in which they found that appellee had, within a reasonable time, elected to repudiate or disaffirm the contract, was based upon the above testimony, and we think their verdict is sufficiently supported by the testimony.

[6] We do not sustain appellants' second proposition, which complains of the action of the trial court in refusing to separate the defense of ratification pleaded by appellants and the claim of appellee that he had repudiated the contract, which was given in special issue No. 1 by the court; the specific objection being that the defense of ratification was submitted in a negative manner, and intermingled with appellee's claim that he had repudiated and disaffirmed the contract within a reasonable time. We do not find the issue submitted by the court subject to the criticism urged, as giving appellants' defense in a negative manner. The issue is as follows:

"Do you find from a preponderance of the testimony that the plaintiff, McAden, at any time after arriving at his majority repudiated or disaffirmed his contract of purchase with the defendant Conn Miller for the lot in controversy, or did he ratify and affirm it? Answer, 'He repudiated or disaffirmed it,' 'He ratified and affirmed it,' as you may find from the evidence."

A careful reading of the issue, stripping it of all its verbiage, tells the jury that, if they find that appellee, within a reasonable time, repudiated or disaffirmed the contract, then they should answer that "He repudiated or disaffirmed it," and, on the other hand, if they found that he ratified or affirmed it after he became of lawful age, they were told that their answer should be, "He ratified and affirmed it." This submits affirmatively appellants' defense, although the trial court submitted it after he submitted the contention of appellee that he had disaffirmed the contract within a reasonable time. On the question of being intermingled with other portions of the charge, we do not believe that it could have been more clearly stated by separating it, and there is no showing that the jury were in any way confused by the manner in which this question was presented.

[7] By their third proposition appellants claim that the trial court erred in refusing and failing to submit to the jury special issue No. 3, requested by them. This issue is as follows:

"Did the plaintiff, after he attained his majority, and knowing all the facts charged in his petition, ratify the conveyance to him by the defendant for the property in controversy, as alleged in defendant's answer, as the term 'ratification' is used in the charge given you by the court? Answer 'Yes' or 'No.'"

We find no error, on the part of the court in failing to give the charge of sufficient merit to reverse this case. The charge asked simply restates what the trial court gave in special issue No. 1, separating it from the other question submitted in said special issue No. 1 as given by the court. Special issue No. 1 given by the trial court specifically tells the jury that, if they find from the testimony that the appellee had ratified or affirmed the contract after reaching his majority, they should return a verdict so stating. We see no error in the court's refusing this special issue of sufficient merit to reverse this case, although as a matter of nicety of practice it would have been no harm for the court to have given the issue separately from the one submitted in special issue No. 1. Rule 62a (230 S. W. ix).

[8] The fourth proposition complains of the refusal of the court to submit appellants' requested special issues Nos. 1 and 2. These issues are as follows:

"Did the plaintiff on or about July 7, 1921, list the property described in his petition as being conveyed to him by defendant for sale with Culp & Co., real estate agents of Temple? Answer 'Yes' or 'No.'"

"Did the plaintiff intend, at the time he listed said property for sale with said Culp & Co., if you have found that he did so list it for sale, to convey the same to any purchaser found by said Culp & Co. who would pay him the price he was offering it for sale for? Answer 'Yes' or 'No.'

We are of the opinion that the court properly refused both of these special issues, first, because they sought a finding on a more matter of evidence rather than the finding of a fact necessary to dispose of the case, and, second, because there was no controversy about the matter elicited by the questions. The appellee testified positively to the very facts set forth in the issues requested.

[9] The court did not err, as complained of in appellants' fifth proposition, in refusing to further instruct the jury that ratification could be shown by certain acts, because such would be a charge upon the weight of the evidence, and, further, the special charge as requested by appellants did not embody a correct definition of ratification.

[10] Appellants' sixth proposition that the court erred in failing to give their special requested charge No. 1 is not sustained. In addition to the charge of the court defining the term "ratification," appellants by this charge sought the additional instruction to the jury:

"Any conscious act of ownership of said property, or act of dominion over same, such as offering the same for sale, or any act or declaration by plaintiff showing an intention on

his part to keep said property would be suffi-
cient to constitute a ratification."

To have given this charge it would have
clearly been a charge upon the weight of the
evidence, and was properly refused by the
court.

[11, 12] Appellants' seventh and eighth
propositions, that the court erred in refusing
special charges Nos. 2 and 4, submitting to
the jury the question of whether appellee,
within a reasonable time after the reaching
his majority, repudiated the contract and
tendered back the property, or a deed there-
to, is without merit. Neither the pleadings
nor the evidence raised the issue of tender.
The testimony shows that, at the time appel-
lee gave notice of his repudiation, he offered
to execute a deed reconveying the property,
which appellant refused to agree to; and
the record further shows that a deed duly
executed by appellee, reconveying the prop-
erty to appellants, was tendered into court
in the trial of this cause, which is sufficient,
under the facts and circumstances of this
case, to constitute a tender of the property
received, the appellee not being in physical
possession of the lot in controversy.

[13] Appellants by their ninth proposition
complain that the trial court erred in refus-
ing to give special charge No. 3, which in-
structed the jury that the burden of proof
was upon the appellee to establish by a pre-
ponderance of the evidence each special is-
sue submitted to them. The record discloses
that each special issue submitted by the
court to the jury was prefaced with the
phrase, "Do you find from a preponderance
of the testimony," which was tantamount
to a charge that the burden of proof was
upon appellee to establish the issue by a pre-
ponderance of the evidence. The proposi-
tion is overruled.

Appellants' tenth proposition that the
court erred in refusing to peremptorily in-
struct the jury in their behalf, upon the
ground that the undisputed evidence was
that appellee had ratified the contract after
he became of lawful age, was disposed of in
this opinion under appellants' proposition
No. 1, and we will not further discuss the
same here.

[14] We do not sustain appellants' eleventh
proposition, in which it is stated that the
court erred in establishing and foreclosing
a lien upon the lot in controversy, and in
ordering it sold in payment of this judgment,
it being contended that there was no plead-
ing upon which such judgment could be pred-
icated.

In the case of Morris v. Holland, 10 Tex.
Civ. App. 474, 31 S. W. 690, the point raised
by this proposition was decided against the
contention of appellants herein. In that case
it was held that, where a conveyance of real
estate to a minor is sought to be avoided by

the minor on his reaching lawful age, upon
tender to the vendor of a reconveyance, a
lien on the land to secure a return of the
purchase money will be implied. It is fur-
ther held in that case that the lien need not
be pleaded where the facts stated showed it
exists. It is also further held in that case
that, in an action to rescind the sale of land
made to a minor, where the facts show plain-
ly he was entitled to the foreclosure of his
lien for the purchase money paid by him,
a prayer for a recovery of the purchase price
and for all other and further relief, in law
and in equity, to which he was entitled by
reason of the premises, is sufficient to war-
rant a decree of foreclosure.

In the case at bar appellee prayed for a
recovery of the purchase price of the lot in
question. He further prayed for both special
and general relief, and is therefore entitled,
under the decisions, to have a lien establish-
ed upon the lot, and to foreclose the same in
satisfaction of the judgment rendered in his
behalf, for the return of such purchase
money. Morris v. Holland, 10 Tex. Civ. App.
474, 31 S. W. 690.

We are of the opinion that there is no er-
ror of sufficient merit to justify a reversal
of the case, and it is therefore affirmed.