### GEORGE v. WILLIAMSON. (No. 1229—5253.)

Commission of Appeals of Texas, Section A. Feb. 5, 1930.

Weeks, Morrow, Francis & Hankerson, of Wichita Falls, for plaintiff in error.

676

W. J. Townsend, of Lufkin, and B. Y. Cummings, of Wichita Falls, for defendant in error.

HARVEY, P. J. On January 4, 1921, the defendant in error, P. G. Williamson, executed to the plaintiff in error, W. F. George, his promissory note for the sum of $5,000, due twelve months after date. To secure payment of the note, Williamson and his wife executed a deed of trust on 100 acres of land in Hill county. On January 20, 1925, George filed his original petition in this suit, wherein he alleged the execution and nonpayment of the note. He further alleged that on December 2, 1924, the trustee in the deed of trust, in pursuance of the terms of the instrument, had sold the land at public outcry for the sum of $1,000 in partial satisfaction of the note. George was the purchaser at said sale. The prayer of the original petition was for the recovery of the amount of the debt, with interest, and for general relief.

Williamson answered this petition, and set up, among other things, that on March 11, 1922, he and his wife had executed to George a deed for the 100 acres of land in full settlement of the note. George filed a supplemental petition, in which fraudulent representations by Williamson as to the value of the land were alleged. The supplemental petition also contained averments, which, though vague in some respects, are sufficient, in the absence of exception, to present a new cause of action arising from an oral agreement made between George and Williamson shortly after the execution and delivery of the deed of March 11, 1922. The alleged terms of this oral agreement were, substantially, that, notwithstanding said deed had been executed, Williamson would keep the land and pay the above-mentioned note during the following fall. In the supplemental petition George offers to execute a deed investing Williamson with title to the land, adopts the prayer contained in the original petition, and, waiving all accrued interest, prays specifically for the recovery of the sum of $5,000. No general or special exception was urged against the supplemental petition, nor did Williamson plead the statute of frauds in avoidance of said oral agreement, or the statute of limitation against its enforcement. Without objection from Williamson, evidence to prove the oral agreement was introduced at the trial. Four special issues were submitted to the jury. In answer to these special issues, the jury found: (1) That George accepted the deed of March 11, 1922, in full settlement of the note in question; (2) that Williamson did not make the alleged fraudulent representations as to the value of the land; (3) that the land was worth $7,000 on January 4, 1921; and (4) that George and Williamson "subsequent to the making of the conveyance of March 11, 1922, from Williamson and wife to George, orally agreed that such conveyance would not be effective, but that Williamson would in all events pay the note and keep the land." Williamson interposed no objection to the submission of this last-mentioned issue to the jury, and did not, in any other manner, claim, in the trial court, the protection of the statute of frauds against the enforcement of his oral promise to pay for the land. The trial court rendered judgment in favor of Williamson, and the Court of Civil Appeals has affirmed that judgment. 8 S.W.(2d) 759.

The acceptance by George of the deed of March 11, 1922, in full settlement of the note in question, had effect to extinguish the indebtedness evidenced by the note, and to invest George with title to the land. The subsequent purported sale of the land to George, by the trustee in the deed of trust, had no legal effect for the reason that the latter instrument was no longer in force. The oral agreement made between George and Williamson subsequent to the deed of March 11, 1922, could not have legal effect to render said deed ineffective. Nor could the agreement, of itself, have legal effect to transfer title to the land from George to Williamson, for we have a statute which requires that such a transfer shall be declared by an instrument in writing. R. S. art. 1288. But there is nothing in the case, as it appears before us, to prevent said oral agreement from being given the legal effect of a valid contract for the sale of the land by George to Williamson, on the terms then agreed upon. The contract arising from this oral agreement is wholly executory. By the contract, Williamson became bound to pay for the land according to his promise then made; subject, however, to his privilege of claiming the protection afforded by the statute of frauds. An oral contract of sale of real estate, though wholly executory as to both parties, is not void, but is merely voidable at the option of the party sought to be charged therewith. Bringhurst v. Texas Company, 39 Tex. Civ. App. 500, 87 S. W. 893 (writ refused); Robb v. Railway, 82 Tex. 392, 18 S. W. 707; Browne Stat. of Frauds, § 115a. By failing in the trial court to claim, in some way, the protection of the statute of frauds, Williamson waived this protection; and no legal obstacle to the enforcement of his promise has arisen. He cannot claim the benefit of the statute for the first time in the appellate court. League v. Davis, 53 Tex. 9; Pool v. Wedemeyer, 56 Tex. 287.

George, having offered in his pleading to perform his part of the oral contract of sale, by offering to execute a conveyance of the land to Williamson, is entitled to have the contract enforced according to the legal effect of its terms, and to a foreclosure of the implied vendor's lien on the land to secure payment of the purchase money. He did not lose his right to such foreclosure because of his failure to allege said lien in specific terms.

The legal effect of the facts alleged is such as to give him the lien by operation of law, upon the fulfillment of his part of the contract. Garrett v. Bank, 79 Tex. 133, 15 S. W. 224. Nor was it essential that he pray specifically for a foreclosure. This relief was rendered available by his prayer for general relief. Morris v. Holland, 10 Tex. Civ. App. 474, 31 S. W. 690.

The case appears to have been fully developed in the trial court. We therefore recommend that the judgment of the trial court, and that of the Court of Civil Appeals affirming same, be reversed, and that judgment be here rendered substantially as follows: (a) Divesting George of title to the land in controversy and vesting same in Williamson; (b) that George recover of Williamson the sum of $5,000, with 6 per cent. interest thereon from May 30, 1927, this being the date of the trial court's judgment when judgment for George ought to have been rendered; (c) foreclosing the vendor's lien securing said sum; and (d) directing the issuance of all proper writs for the enforcement of the judgment here rendered.

CURETON, C. J. The judgments of the district court and Court of Civil Appeals are both reversed, and judgment is here rendered for the plaintiff in error, as recommended by the Commission of Appeals.