**SEEDS v. EDGERTON.**

No. 2653.

Court of Civil Appeals of Texas. Eastland.

March 26, 1948.

Blanton & Blanton, of Albany, for appellant.

Scarborough, Yates, Scarborough & Black, of Abilene, for appellee.

COURTNEY GRAY, Justice.

This is an appeal from an order of the District Court of Shackelford County,

Texas, sustaining a plea of privilege filed by the defendant, appellee here, to be sued in Nueces County, Texas, the County of his residence.

■ The petition alleged that the plaintiff, Jim Seed, was a resident of Montague County, Texas, and the defendant Edgerton was a resident of Nueces County, Texas, but that said suit grew out of certain transactions between the parties and labor performed by plaintiff in Shackelford County. It was alleged that defendant and his associates, whose names were not disclosed in the pleadings, were assignees of one H. J. Cox, who owned an oil and gas drilling block of about 300 acres near Moran, in said Shackelford County, on which there was an uncompleted oil well; that the defendant, acting for himself and associates, rented from plaintiff an oil drilling rig and equipment and employed plaintiff to operate the same and to perform for defendant the necessary labor in moving same upon the said leased premises, and to use same in cleaning out said well, which theretofore had been a producer; that it was agreed that plaintiff should have as compensation for the use of said rig and equipment and for his labor incident to care of said well from July 22, 1946, to December 22, 1946, the sum of $3,000 in cash, the further sum of $1,242 in oil which might be produced from said leased premises, a 1/32nd interest in said oil well and a 1/32nd interest in the entire lease. No written agreement was entered into by the parties. Plaintiff alleged that he fully performed his obligations under the contract, but except for a cash payment of $450, defendant had wholly failed and refused to pay the balance of $2,550 in cash due plaintiff, and had refused to execute to plaintiff written assignments conveying to him said 1/32nd interest in said well and lease. On February 11, 1944, plaintiff filed in Shackelford County a Mechanic's Lien on said oil and gas lease and on the personal property situated on said lease and at said well, which property was sufficiently described for indentification. The record shows that said lien was timely filed and its validity is not attacked in appellee's brief. Later, appellant further sued out an attachment against said personal property, under which the sheriff levied upon, and took same into his possession. But said alleged attachment lien was not declared upon in the petition, the first reference to it being made in the controverting affidavit. We, therefore, cannot consider it here. Jones v. Caldwell, Tex.Civ.App., 42 S.W.2d 1052; Warner v. First National Bank of Bowie, Tex.Civ.App., 142 S.W.2d 897, 899; 43 Tex.Jur. 818, Sec. 88. The claimed item of $2,550 in money due plaintiff was acknowledged in writing by defendant by letter introduced in evidence.

Plaintiff prayed for judgment for said $2,550, for $1,242 interest in any oil that may be produced from any of the aforesaid properties and that plaintiff be decreed a 1/32nd interest in said oil and gas leases, "and for relief, both general and special, legal and equitable, to which, in the premises, plaintiff may be entitled." It will thus be seen that plaintiff did not specifically pray for a foreclosure of his Mechanic's Lien, and the main controversy in the appeal is whether such failure defeated venue in Shackelford County.

Appellee's reliance for venue in Shackelford County is upon Exceptions 5, 10, 12, and 14, Article 1995, Revised Civil Statutes, Vernon's Ann.Civ.St. art. 1995, subds. 5, 10, 12, 14, the main reliance, however, being on Exception 12.

■ Under the pleadings and proof, Exceptions 5, 10 and 14, Article 1995, Revised Civil Statutes, have no application and venue cannot be maintained in Shackelford County under either of these exceptions. We are of the opinion that Exception 12 of said Article does apply and that under the record as made, plaintiff was entitled to maintain his suit in Shackelford County and that the trial court erred in sustaining the plea of privilege. Exception 12 is as follows: "A suit for the foreclosure of a mortgage or other lien may be brought in the county where the property or any part thereof subject to such lien is situated."

■ Plaintiff, in his petition, specifically pleaded the Mechanic's Lien on the oil and gas lease and the personal property

situated thereon and described in detail the property covered thereby. The proof offered on the trial was sufficient to show that plaintiff had a valid Mechanic's Lien on said property and was entitled to a foreclosure thereof. Plaintiff, in his said petition, did not pray specifically for a foreclosure of such lien but did pray "for relief, both general and special, legal and equitable, to which in the premises, plaintiff may be entitled." Appellee contends that due to absence of a specific prayer for foreclosure of the lien, the court would be without power to foreclose the same which lack of power would defeat venue in Shackelford County. We do not agree with this contention. Under our law, where facts are alleged sufficient to show a valid lien, the plaintiff is entitled to a foreclosure thereof in the absence of a specific prayer therefor if the petition contains a prayer for general relief and all other and further relief in law or in equity, to which plaintiff is entitled by reason of the premises. Morris v. Holland, 10 Tex. Civ.App. 474, 31 S.W. 690. See also George v. Williamson, Tex.Com.App., 23 S.W.2d 675; 25 Tex.Jur. page 115, Sec. 124, and the cases therein cited.

■ Appellee makes the further contention that venue cannot be sustained in Shackelford County because plaintiff's petition shows on its face that the oil and gas leases involved were owned by the defendant and his associates. In other words, he contends that there is an absence of necessary parties to this suit in that the associates who were interested in the leases with the defendant are not parties herein. This contention is overruled. The question of absence of necessary parties to a suit is not before the court in a hearing on a plea of privilege. In determining the question of venue, the trial court does not consider questions as to defect of parties. This question cannot properly arise until after the question of venue is finally and definitely terminated. Tide Water Oil Company v. Bean, Tex.Civ.App., 118 S.W. 2d 358; Service Drilling Co. v. Woods, Tex.Civ.App., 120 S.W.2d 608; Lally v. State, Tex.Civ.App., 138 S.W.2d 1111; Gallagher v. Gallagher, Tex.Civ.App., 153 S. W.2d 541.

The appellant met the burden placed upon him to sustain venue in Shackelford County by alleging and proving a valid lien against property situated in that county. Construing his petition as a whole, it is shown thereby that the suit is one to foreclose a lien on property situated in Shackelford County. Further, the proof offered discloses that he has a valid lien on such property and is entitled to a foreclosure thereof. Thus it is seen that he brings his case squarely within Exception 12 of Article 1995, Revised Civil Statutes, and is therefore entitled to maintain his suit in any county. Consequently it is our opinion that the trial court erred in sustaining the plea of privilege. Judgment of the trial court is reversed and the cause is remanded.