## A. W. MORSE *versus* E. CHILD and E. CARLTON.

An agreement to cancel a deed of land without actually cancelling it, cannot have the effect of a reconveyance.

One who has acted as an appraiser, in making an extent of an execution upon land, may be estopped to set up a title against the title acquired by the extent ; but he is not estopped to say that nothing passed by the extent.

THIS was a writ of entry, brought to recover a tract of land in Bath, in this county.

The cause was tried upon the general issue, at May term, 1833.

It appeared in evidence, that L. Pulsifer and H. Wells, being seized of the demanded premises, on 23d September, 1812, by deed, conveyed the same to Joseph Fifield, in fee. This deed was recorded January 18, 1814.

On the 18th August, 1826, Fifield, by deed, conveyed the same premises to the demandant.

The tenants then showed, that at the time the land was conveyed to the demandant, and for a long time before, they had been in possession of the premises.

They then showed a judgment in their own favor, against Moody Moore, rendered by the court of Common Pleas, in this county, at February term, 1816, for $50 damage, and $14,34 costs, and an execution, issuing upon the judgment, extended upon two undivided third parts of the demanded premises, on the 5th April, 1816. It appeared by the extent that Fifield, the demandant's grantor, was one of the appraisers in making the extent.

But the execution was never returned to the clerk's office.

The tenants then offered to prove, that in the fall of 1812, Fifield agreed with Pulsifer and Wells, his grantors, to cancel their deed to him, and that the purchase money was repaid to Fifield, and he abandoned the possession ; but it being admitted that the deed was not actually cancelled, the court rejected the evidence.

A verdict was taken for the demandant, by consent, subject to the opinion of this court upon the above case.

*J. Smith*, for the tenants,

Contended, that the tenants being in possession when Fifield conveyed to the demandant, the latter must stand in Fifield's place, and take the title, subject to every objection that would be legally made to it in the hands of Fifield.

Fifield, having received back the purchase money, and agreed to cancel the deed of Pulsifer & Wells, that deed must now be considered, with respect to Fifield and this demandant, as if it had never existed.

With respect to two undivided third parts of the demanded premises, there is another ground on which the tenants are entitled to prevail. Fifield was an appraiser

in the extent under which the tenants claim. And as it
does not appear, that he made any objection to the ex-
tent, or set up any title to the land then, he is now es-
topped to claim the land against the tenants, and this es-
toppel binds the demandant.    2 Starkie's Ev. 31 & 38 ;
1 Fonbl. 163 ; 14 Mass. Rep. 437 ; 5 N. H. Rep. 188.

*Bell*, for the demandant.

GREEN, J. delivered the opinion of the court.

A new trial is claimed in this case, because the evi-
dence, offered by the tenants to prove the agreement be-
tween Fifield, and Pulsifer & Wells, to cancel the deed,
was rejected. But we are of opinion that the evidence
was rightly rejected. It has been settled that a mere
agreement to cancel a deed, without actually cancelling
it, cannot have the effect of a reconveyance. 4 N. H. Rep.
191, *Farrar* v. *Farrar.*

Another ground, on which a new trial is claimed, is,
that the demandant is estopped to claim the land against
the tenants, because Fifield, whose title the demandant
has, was an appraiser in their extent, and set up no title
then to the land.

If the extent, under which the tenants claim, had been
perfected so as to be sufficient to pass the land, and it
had appeared that Fifield set up no claim when the ex-
tent was made, we are not prepared to say that Fifield,
or any one claiming under him, could have been permit-
ted to set up a title against the extent.

But the execution, which was extended upon the land,
was never returned, and of course the extent was of no
validity to pass the title. And we are not aware of any
ground on which it can be held that Fifield, or any one
claiming under him, is estopped to say, that nothing pas-
sed by the extent. Fifield's conduct may have been
such as to preclude this demandant from setting up any
title against a title acquired by the extent, but it cannot
preclude him from saying that no title was acquired by
the extent.

Morse
v.
Child et a.

We are therefore of opinion that the demandant is en-
titled to

*Judgment on the verdict.*