F. E. Dycus v. L. W. Hart et al.

No. 85.

1. **Trespass to Try Title—Common Source—Disclaimer of, Unavailing.**—Where in trespass to try title both parties in fact deraign title from a common source, the defendant thereby admits the validity of that title, and will not be permitted, upon filing a disclaimer of holding under it, to defeat it by showing an outstanding title with which he is not in any way connected.

2. **Title by Estoppel — Surrender of Unrecorded Deed Revests Title, When.** — Where the grantee in an unrecorded deed returns it to the grantor, if it was the intention of the two that the grantor should thereby be re-- invested with title to the land, such grantee will be estopped to claim the property; but this estoppel depends on such intention, without which the surrender of the deed does not operate to divest and revest the title.

3. **Registration—Innocent Purchaser Protected.**—One who pays the purchase money for land without notice of a prior unrecorded deed thereof, or of any claim under it, will be protected as an innocent purchaser against such unregistered conveyance.

Appeal from Archer. Tried below before Hon. P. M. Stine.

*J. R. Robinson, A. H. Carrigan,* and *F. E. Dycus,* for appellant.—1. Defendant can not defeat the rule of common source by a declaration that. he does not claim under it, and plaintiff is entitled to prove such common source; and when he has shown the superior title thereunder is entitled to recover, unless the defendant prove a superior right in himself. Burns v. Goff, 79 Texas, 236; Garner v. Lasker, 71 Texas, 433; Calder v. Ramsey, 66 Texas, 218; Sellman v. Hardin, 58 Texas, 86; Koenigheim v. Miles, 67 Texas, 113.

2. There is no pretense that Dycus, the plaintiff, had any notice of Scott having given or attempting to give the land to his brother. Evidently the parties intended to treat the surrender of the deed as a reconveyance, and Levi Scott would be estopped from setting up title to the land. Mussey v. Holt, 24 N. H., 248; Faelks v. Burns, 16 N. J. Eq., 250; Commonwealth v. Dudley, 10 Mass., 403.

3. If it were shown that plaintiff had notice of this former conveyance when he bought, it would hardly defeat him in this action. But no notice is brought home to him. Johnson v. Newman, 43 Texas, 628; Barnes v. Jamison, 24 Texas, 362.

*Robert Kerr*, and *Hunter, Stewart & Dunklin*, for appellees.—1. Where a common source of title is shown, the defendant may defeat the plaintiff's claim by showing a superior title in himself, or by showing an outstanding superior title in a third party. Keys v. Mason, 44 Texas, 143. An outstanding title is a good defense, although defendant may not claim under such title. Styles v. Gray, 10 Texas, 503; Kinney v. Vinson, 32 Texas, 125.

2. The reason of the rule that the defense of outstanding title is valid in the action of trespass to try title is, that the plaintiff must recover on the strength of his own title, and not the infirmity of his adversary's. Burleson v. Burleson, 28 Texas, 383.

3. Whether the existence of such outstanding title be disclosed by the evidence of the plaintiff or defendant, it will defeat a recovery by the plaintiff. Kinney v. Vinson, 32 Texas, 125.

4. In trespass to try title the defendant may under a plea of not guilty show a superior outstanding title in a third party to bar a recovery on the part of plaintiff. Adams & Wicks v. House, 61 Texas, 639; Tapp v. Corey, 64 Texas, 594.

TARLTON, C<small>HIEF</small> J<small>USTICE</small>.—This suit was instituted in the District Court of Archer County, by F. E. Dycus as plaintiff, against L. W. Hart as defendant. Subsequently Mrs. E. A. Hart, wife of L. W. Hart, made herself a party defendant. The plaintiff sought to recover 369 acres of land out of the Michael Fanning survey, lying in Archer County. The plaintiff's claim arose out of a conveyance executed by George Finnin and Mark Lavery, alleged to be heirs of Michael *Fanning*, in whose name or to whose heirs the original certificate and patent issued. It was proved that George Finnin and Mark Lavery were the heirs of Michael *Finnin*, and it was also contended by plaintiff, that Michael *Fanning* and Michael *Finnin* was the same person. This question of identity was submitted to the jury and was solved against the plaintiff.

It appears from a bill of exceptions, that the defendant L. W. Hart, in

March, 1886, purchased the land in controversy from George E. Finnin, a son of the George Finnin under whom appellant claimed by deed previously executed. By means of this conveyance from George E. Finnin to appellee Hart, the plaintiff sought to place defendants in the attitude of claimants under a common source of title. Defendants, evidently and naturally solicitous to sever themselves from this embarrassing connection, and preferring to occupy the position of naked trespassers, filed a plea disclaiming all title in the land through George Finnin, or George E. Finnin, and giving notice that they would not rely upon any interest of George Finnin, or George E. Finnin, or Mark Lavery, or "any of the *Finnin* family." This disclaimer was sustained by the court, and the plaintiff was forbidden to use the deed referred to for the purpose of showing that the parties deraign title from a common source. In this we think the court erred. In the case of Burns v. Goff, 79 Texas, 236, our Supreme Court holds, that a defendant "may not defeat the rule of common source by a declaration that he does not claim under it." If, as a matter of fact, the defendants deraign their title from the heirs of Michael *Finnin*, they thereby admit the validity of that title, and they will not be permitted to defeat it by showing an outstanding title in the heirs of Michael *Fanning* with which they are not in any way connected. Glover v. Thomas, 75 Texas, 506.

Plaintiff's title is derived through a deed from one John L. Scott to plaintiff, executed in May, 1889. John L. Scott claimed under a deed to himself by the heirs of Michael Finnin, dated March 6, 1855. In 1871 John L. Scott conveyed the land in question to his brother Levi Scott, a resident of another State. The deed recited the condition that Levi would remove to Texas and settle upon the land. Levi, unwilling to abide by this condition, returned the deed to his brother; whereupon the latter erased the words expressing the condition and again sent it to Levi, by whom it was held until February, 1889, when he again returned it to John L. Scott. This deed was never recorded. It does not appear whether or not it was destroyed. At the time of the sale to plaintiff by John L. Scott, in May, 1889, the latter remitted to his brother Levi $100 of the $300 paid by Dycus in consideration for the land.

Appellees contend, that even under the common source of title with which they are sought to be affected, there is an outstanding legal title in Levi Scott which will prevent a recovery by plaintiff. If, when Levi Scott returned the deed to his brother John L. Scott, in February, 1889, it was the intention of the two that John L. Scott should be thereby reinvested with title to the land, we are of opinion that the former would be estopped from claiming the property. The existence of this estoppel, however, depends upon the existence of the intention specified; unless that intention existed, the surrender of a deed could not operate to divest

the title out of Levi Scott and revest it in his brother.　Dev. on Deeds, secs. 303–305; see, also, Lapowski v. Smith. 1 Texas Civ. App., 391.　As we are not prepared to say that the evidence does not indicate this intention, we are unable to sustain this contention of appellees.

John L. Scott speaks of this deed as a quitclaim.　The record, however, elsewhere describes it as a conveyance to the land, in consideration of $350 paid.　Though the word "quitclaim" is actually used, if the deed nevertheless purported to convey the land itself, and not the mere right or title of the grantor John L. Scott, and if the plaintiff paid the purchase money without notice of any claim by Levi Scott, he would be protected as an innocent purchaser against the unregistered deed of the latter.　Richardson v. Levi, 67 Texas, 360.　Under such circumstances, it could not be claimed that there was an outstanding legal title precluding the plaintiff from recovery.　The court did not err in refusing the special charge requested by appellant, and which, we think, was upon the weight of evidence.

For the error pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered February 7, 1893.