[Civil No. 813.   Filed March 20, 1903.]

[71 Pac. 906.]

## JAMES C. GOODWIN, et al., Defendants and Appellants, v. D. A. TYRRELL, Plaintiff and Appellee.

1. CONVEYANCE — DEED — VERBAL AGREEMENT OF SURRENDER. — Where premises were conveyed in consideration of the execution of certain notes the title to the property vested in the grantees, and a mere subsequent verbal agreement for the surrender of the notes and the deed, not carried into effect by the actual surrender of the deed, does not operate to revest the title in the grantor.

2. ACTION TO QUIET TITLE—EVIDENCE—MORTGAGE—FORECLOSURE—NECESSARY PARTIES.—In an action to quiet title evidence that plaintiff was the holder of a sheriff's deed upon foreclosure sale is insufficient to support a judgment in his favor as against defendants in possession and claiming title under a deed executed and recorded prior to the institution of the foreclosure proceedings, where it appears from the record in the foreclosure suit that defendants were not made parties therein. They being indispensable parties, were not bound by the foreclosure.

APPEAL from a judgment of the District Court of the Third Judicial District in and for the County of Maricopa. Edward Kent, Judge. Reversed.

Joseph H. Kibbey, and E. B. Goodwin, for Appellants.

J. J. Whittemore, and W. G. Cooke, for Appellee.

SLOAN, J.—The appellee, D. A. Tyrrell, brought suit in the district court of Maricopa County to quiet his title, as against the Farmers and Merchants' Bank, a corporation, W. J. Kingsbury, J. E. Price, James Goodwin, W. M. Goodwin, Garfield Goodwin, Mary E. Goodwin, and Minnie L. Goodwin, to an undivided one-half interest in forty-five acres of land situate in the northeast quarter of section 22 in township 1 north of range 4 east of the Gila and Salt River base and meridian, Maricopa County. The Farmers and Merchants' Bank filed a disclaimer under the statute. The other defendants entered a general denial to the complaint. William M. Goodwin, Garfield Goodwin, Minnie L. Goodwin, and Mary E. Goodwin further answered that they were the owners in fee simple of the premises in controversy, and further pleaded that they and their immediate grantors—to wit, J. C. Goodwin and R. G. Goodwin—had ever since the fourteenth day of September, 1892, been in the continuous, quiet, open, notorious, peaceable, and adverse possession of the premises, and had paid the taxes thereon, and made lasting and valuable improvements thereon. They asked that their title to the property in question be quieted, and the plaintiff enjoined from asserting any right or title thereto, or interest therein, or in and to any part thereof. The trial court found Tyrrell to be the owner in fee and entitled to the possession of the interest in the land and premises described in his complaint; and, second, that the allegations of his complaint were true, and the denials and allegations of the defendants' answer untrue. The judgment of the court, in accordance with the findings, decreed Tyrrell to be the owner in fee and entitled to the possession of the premises, and perpetually enjoined the defendants from asserting any claim or title thereto adverse to Tyrrell.

The record discloses that in 1892 one Ben Goldman was the owner of the premises in controversy; that during that year he

conveyed the same to J. C. Goodwin and R. G. Goodwin by warranty deed; that this deed was not placed of record until some time during the year 1895; that during the year 1893 Goldman borrowed money of the appellee, Tyrrell, and, to secure the payment of the same, executed a mortgage on the premises in controversy, which mortgage was placed of record upon the date of its execution. The record further discloses that Tyrrell in 1895 brought suit in the district court of Maricopa County to foreclose his mortgage against Goldman, the mortgagor, as the sole defendant; that, under an execution and order of sale issued under the judgment of foreclosure obtained in said suit, the premises were sold on the tenth day of December, 1895, by the sheriff of the county, at which sale the appellee became the purchaser; that on the third day of July, 1896, Tyrrell obtained a sheriff's deed to the premises, as the purchaser under said foreclosure sale.

Upon the trial of the action the appellee, to sustain the allegations of his complaint, offered in evidence the mortgage executed by Goldman to himself as mortgagee, the record of the foreclosure suit, and the sheriff's deed to himself as grantee under the sale made by virtue of the execution and order of sale under the judgment of foreclosure. This evidence was objected to by the appellants upon the ground that they had not been made parties in the foreclosure suit, and hence were not bound by it, nor their interest affected by it, nor by the sheriff's deed, which depended for its validity upon the regularity of the foreclosure proceedings. No other evidence was offered by the appellee in support of his title. The appellants put in evidence their deed from Goldman, dated September 14, 1892, and recorded the sixth day of May, 1895. In addition they introduced evidence showing possession by them of the premises in controversy since 1892. The appellee introduced in evidence the deposition of Goldman, to the effect that, after the execution and delivery of the deed to J. C. and R. G. Goodwin, he entered into a verbal agreement with the Goodwins that he should surrender the notes given him by the latter in payment of the land, and that they should return and surrender the deed to him; that under the terms of the agreement he did return the notes, but that the Goodwins failed and neglected to surrender and deliver up the deed. The Goodwins denied that any such agreement had been made

or entered into, and further denied that the notes had ever been surrendered by Goldman to them, but admitted that the latter had never been paid. With the exception of testimony put in by the appellants to sustain their plea of the statute of limitations, no other evidence was introduced by either of the parties upon the trial.

The appellants assign as error that the finding of the court that the appellee was the owner in fee of the premises in controversy is not sustained by the evidence in the case, and is contrary to law, because based upon evidence which shows that the appellants are the legal owners of the premises, and that their title was not affected by the foreclosure proceedings, and the conveyance by the sheriff under these proceedings; the appellants not having been made parties defendant in said proceedings, and their deed from Goldman at the time of the institution of said foreclosure proceedings being of record, and imparting constructive notice of their interest and right of redemption. We think this assignment of error well taken. There can be no doubt, assuming Goldman's testimony to be true, that the conveyance to the Goodwins operated at the date of the same to convey all the right, title, and interest which Goldman had at the time in the premises. Any subsequent verbal agreement looking to the surrender of this deed that was not carried into effect was ineffective to reconvey to Goldman the interest held by the Goodwins. At the time of the institution of the foreclosure suit by Tyrrell the deed to the Goodwins was of record, and Tyrrell was bound to take notice of the right of redemption held by them as the successor in interest of the mortgagor. The law is settled that the owner of the premises at the time of the institution of the suit in foreclosure is an indispensable party thereto, and, unless made a party, is not bound by any judgment which may be rendered thereon. The rights, therefore, of the Goodwins, were in no way affected by the foreclosure sale and the deed executed by the sheriff thereunder. The title obtained by Tyrrell through such foreclosure sale and deed was not sufficient to sustain a judgment quieting his title as against the Goodwins. Their equity of redemption, conceding that the mortgage from Goldman to Tyrrell was prior in right to the conveyance from Goldman to the Goodwins, because of the failure of the latter to record the same until after the execu-

tion of the mortgage, has never been foreclosed. Their rights remain the same as though no foreclosure had ever been had under the Tyrrell mortgage.

We think the judgment should have been for the defendants in this case, dismissing the action. The proof on the part of the defendants under their answer was not sufficient to entitle them to a decree quieting their title as against the appellee. Unless barred by the statute of limitations, Tyrrell still has a right to foreclose as against the appellants.

The judgment of the court below is therefore ordered reversed, and the cause remanded to the district court, with instructions to enter its judgment against the appellee and in favor of the appellants, dismissing the action, and for costs.

Doan, J., and Davis, J., concur.

On petition for rehearing, 72 Pac. 681.

THE COURT.—The judgment heretofore rendered by this court reversing the judgment of the district court and remanding the cause, "with instructions to the district court to enter its judgment against the appellee and in favor of the appellants, dismissing the action," will be modified so as to read that the judgment of the court below is reversed and the cause remanded for a new trial.