**NEWSON et al. v. MINTON. (No. 2118.)**

(Court of Civil Appeals of Texas. Amarillo. April 25, 1923.)

**Frauds, statute of ⊜74(1)—Parol agreement by vendor to reconvey land to purchasers after purchase thereof at sale on foreclosure of vendor's lien held void under statute.**

A parol agreement between vendor, who had instituted a suit to foreclose vendor's lien notes, and purchaser, requiring the vendor to reconvey the property to purchaser after purchase thereof at the sale under the judgment to be rendered in such suit, *held* void under Vernon's Sayles' Ann. Civ. St. 1914, art. 3965, subd. 4.

Appeal from District Court, Floyd County; R. C. Joiner, Judge.

Action by Mrs. Dora Minton against J. C. Newson, M. W. Windsor, and others. Judgment for plaintiff, and named defendants appeal. Affirmed.

Kenneth Bain, of Floydada, for appellants. Jeff D. Ayres, of Floydada, for appellee.

HALL, C. J. On the 19th day of August, 1920, the appellee conveyed a half section of land to the appellants, J. C. Newson and M. W. Windsor, and as part consideration the appellants executed and delivered to her three certain promissory notes, which retained a vendor's lien upon the land in the sum of $2,800 each, providing for interest at the rate of 8 per cent. per annum and containing the usual provision for attorney's fees. Thereafter, on the 1st day of October, 1920, the appellants conveyed the land to D. F. Tabor and F. B. Willis, taking as part of the purchase price certain other vendor's lien notes. Still later other parties acquired an interest in the land, and the appellee instituted this suit, making the appellants and their vendees parties defendant, praying for judgment for the amount of her notes, interest, and attorney's fees against Newson, Windsor, Tabor, and Willis, with a foreclosure of her vendor's lien as to all parties, etc. None of the defendants answered except Newson and Windsor, who specially pleaded as follows:

"That on or about the 30th day of September, 1922, plaintiff's attorney, Jeff D. Ayres, and one A. B. Duncan, were the agents of plaintiff, and as such holding the notes sued on, having the same in their charge and possession, with authority to handle, collect, and renew the same, at which time said parties entered into a valid binding oral agreement with these defendants to the effect as follows: That the indebtedness sued on should be paid in part and renewed in part as follows: That plaintiff and said defendants, by their joint efforts, would procure from all other defendants herein a release of all claim against the land described if same could be procured, prior to calling of this cause for trial; that, if said releases were not procured, then the judgment should be taken by law allowed against these defendants as to any interest in said land, but that said judgment should provide that no excess judgment should be had against these defendants, Newson and Windsor; that said land should be sold as authorized by law under said judgment, and, if bid in by plaintiff, then plaintiff and these defendants would join in placing a loan on said land, either from some individual or with a loan company, the loan to be the maximum amount which either could secure to be placed on said land within a few weeks after such sale; that, when this loan became available on said land, it was to go to plaintiff together with an extra $1,000 to be raised by these defendants and notes executed by these defendants, as follows: One note for the sum

of $2,000, due August 1, 1923, and one note for the balance due, the amount of said balance due to be arrived at as hereinafter stated, said note to be due January 1, 1924, said notes to be payable to plaintiff and to bear 8 per cent. interest from date of closing deal—that the total consideration to be paid to plaintiff by these defendants was to be the total of the principal and interest called for by said notes sued on by plaintiff, together with 10 per cent. additional as attorney's fees, and all costs of suit, and the amount of the note above referred to was to be the balance due on this basis after deducting from the total due the cash payment and the $2,000 note; that the consideration for said agreement was the settlement of an existing suit at law, as well as for other consideration as ,herein appears; that prior to said agreement defendants were contesting said suit on other grounds and would have contested said suit on other grounds but for said agreement; that said notes and money was to be delivered to plaintiff in exchange for a deed conveying the land described in plaintiff's petition from plaintiff to these defendants, to be executed after plaintiff had bid in the land; that said Ayres and Duncan had authority to bind plaintiff by said agreement and by the same so bound her; that said defendants are able, ready, and willing to comply with said agreement and have not breached the same in any way; that releases from the other defendants herein have not been obtained."

The prayer is that the plaintiff take no personal judgments against defendants and for general, special, legal, and equitable relief. They further pray that they have judgment over against Tabor and Willis in the event judgment is rendered against them. While it is alleged that the plaintiff's agents entered into "a valid and binding oral agreement" with defendants, and that the agreement is supported by considerations, these allegations are merely the statement of legal conclusions. It appears from the facts alleged that plaintiff was not to realize, in the event the agreement should be consummated. anything more than she was entitled to recover according to the tenor of the notes; that it bound her to waive her right to a judgment against the appellants and to delay the collection of any sum for an uncertain time, pending the procurement of a loan for the repayment of which she would be an obligor. The court sustained a general demurrer to the answer and rendered judgment against the appellants and their vendees for the full amount of the debt and in favor of the appellants against Tabor and Willis. It may be that the contract, as insisted by appellee, is without consideration and not binding for want of mutuality. The answer does not show that they had a valid defense to the notes and sets up an agreement which is indefinite and uncertain. Aside from these considerations, we think the trial court correctly sustained the demurrer because the contract, being oral, is clearly void

under the statute of frauds. V. S. C. S. art. 3965 (4). Under a similar state of facts, in Foster v. Ross, 33 Tex. Civ. App. 615, 77 S. W. 990, Gill, Justice, held that such a contract was within the statute of frauds and must have been in writing to be binding. The Supreme Court denied a writ of error.

The judgment is affirmed.