TATE et al. v. TATE.

No. 1345—5473.

Commission of Appeals of Texas, Section A.
April 30, 1930.

Grisham Bros., of Eastland, for plaintiffs in error.

G. E. Smith, of Comanche, for defendant in error.

CRITZ, J.

This suit was instituted in the district court of Comanche county, Tex., by A. A. Tate against W. A. Tate, Jr., et al., heirs of Sallie Tate, deceased, to recover certain lands in Comanche county, Tex., fully described in the petition. Trial in the district court resulted in a judgment in favor of A. A. Tate for all of the land sued for, except as to an undivided one-half interest in a tract of 183 acres, which undivided one-half interest was adjudged to W. A. Tate, Jr., et al., defendants in the district court. On appeal by W. A. Tate et al., the Court of Civil Appeals reformed this judgment so as to award A. A. Tate a different tract of 175 acres out of the land sued for as his separate property, and awarded to W. A. Tate, Jr., et al. an undivided one-half interest in the balance of the land sued for. 15 S.W.(2d) 159.

It seems from the record before us that on April 1, 1876, while A. A. and Sallie Tate were husband and wife, one C. C. Campbell executed to W. H. Key, the father of Sallie Tate, a bond for title to a certain tract of land in Comanche county, Tex., of which the land involved in this suit is a part. The consideration recited in this bond was $300 cash, and Key's note to Campbell for $391.93. On August 3, 1876, W. H. Key and wife executed and delivered to A. A. and Sallie Tate a deed to the same tract included in the above-mentioned bond for title, this deed reciting a cash consideration and making no mention of the above note for $391.93. In other words, Tate did not assume the payment of this note. On February 20, 1879, W. H. Key, with the oral consent of A. A. Tate, conveyed the 175-acre tract here involved to one M. J. Coggins. It seems in this connection that Coggins had become the holder of the above note, but there is no showing that he held any title in the land or any claim thereto other than a mere lien which was by virtue of being the holder of the note. So far as pointed out, and so far as we have been able to ascertain from the record, there is no showing that Campbell ever conveyed any title in this land to Coggins. Also we here call attention to the fact that at the time Key made the deed to Coggins he had already parted with his title in the land by conveyance to A. A. and Sallie Tate. There is proof in the record that the conveyance by Key to Coggins was made with the oral consent of Tate, in payment of the note for $391.93. On April 11, 1889, Coggins reconveyed the 175-acre tract to A. A. Tate. Sallie Tate was living at the time of the deed from Key to Coggins, but was dead at the time Coggins conveyed back to A. A. Tate. For a further statement of the case we refer to the opinion of the Court of Civil Appeals.

From what we have said, it will readily be seen that the question as to whether the 175-acre tract is the separate property of A. A. Tate must depend on whether the deed from Key to Coggins operated to vest title in Coggins. If it did so, then Coggins became the owner of the tract by virtue thereof, and his later conveyance to A. A. Tate after the death of Sallie Tate operated to vest A. A. Tate with the title to the 175-acre tract as his separate property, and W. A. Tate, Jr., et al., the children and grand-children of Sallie Tate, would have no interest therein. On the other hand, if the deed from Key to Coggins was void, then title never passed out of A. A. and Sallie Tate, and W. A. Tate, Jr., et al., heirs of Sallie Tate, are entitled to recover an undivided one-half interest in the tract.

The Court of Civil Appeals, in passing on this question, holds: "Appellee, being familiar with the terms of the bond for title from the Campbells to Key, accepted the deed from Key with knowledge that it conveyed only an equitable title. By the deed he succeeded to only such title as Key had, which was subject to the payment of the purchase money note for $391.93. When later Key informed

appellee of his purpose to convey to Coggins, the holder of the note, and Hutchison, his attorney, the 175 acre tract and other lands, appellee seems to have made no objection. His later acceptance of a deed to the 175 acre tract sufficiently evidences his acquiescence in the act of Key in making said conveyance. We construe the transaction as affecting a rescission of the conveyance to him by Key as regards these tracts. In other words, appellee must be held to have consented that Coggins and his attorney should have all the rights that Tate had had to acquire legal title to the land. This required no instrument in writing, as has been held by our Supreme Court in Johnson v. Smith, 115 Tex. 193, 280 S. W. 158. Even independently of this authority, it has long been settled that a purely equitable title may be relinquished without deed. Rebold Lumber Co. v. Scripture (Tex. Civ. App.) 279 S. W. 586."

We are unable to agree with the above holding of the Court of Civil Appeals, and, furthermore, in our opinion, the two authorities cited by that court do not support its holding.

In Johnson v. Smith, cited by the Court of Civil Appeals, it was held by our Supreme Court, speaking through Justice Greenwood, that, where notes are executed for the entire purchase price of land, and the vendor's lien is expressly reserved in the deed to secure the entire purchase price represented by the notes, and the maker of the notes defaults in their payment, a rescission by parol between the purchaser and the holder of the notes, together with the superior title to the land, is valid; this because the holder of the notes, together with the superior title, becomes vested with the entire title on default in the payment of the notes, and is entitled to demand and receive possession of the land. Based on this holding, Johnson v. Smith further holds that in such a case that the maker of the notes can agree by parol for another to pay the purchase-money notes and take the land.

In Rebold Lumber Co. v. Scripture, cited by the Court of Civil Appeals, it is held that, where the equitable title is in the cestui que trust and the legal title in a trustee, parol evidence is admissible to show a relinquishment or cancellation of the trust in favor of the trustee, so that such trustee who holds the legal title shall thereafter have the entire title. In other words, where one party holds the legal title as trustee, the holder of the equitable title may relinquish the trust to the trustee by parol, so that the trust will be extinguished and the trustee become the holder of the entire title, legal and equitable.

Neither of the above cases is authority to uphold the conveyance from Key to Coggins in the instant case. Coggins had no transfer of the superior title, and held nothing against this land except a lien. He had no other title

or interest. He did not pay the note at all, but merely purchased same from Campbell, and there was no agreement with any one at the time he purchased the note that he should take title to any part of the land. In other words, he was a pure lienholder. Furthermore, the note did not represent the entire purchase price of the land, and he had no right to demand rescission of the contract or possession of the land. His only lawful remedy to collect his note was to foreclose his lien against the land. The deed from Key to Coggins, even if made with the consent of A. A. Tate, amounted at best to nothing more than an attempted parol sale by A. A. Tate to Coggins, of an interest in land to pay a note secured by a mere lien on the land so far as Coggins was concerned. Also Tate did not owe the note; it was merely a lien against his land so far as the transaction with Coggins was concerned. If there is any authority for upholding such a transaction, we have been unable to find it.

We, therefore, hold that Coggins took no title under the deed to him from Key. Article 1288, R. C. S. of Texas 1925; George v. Williamson (Tex. Com. App.) 23 S.W.(2d) 675. We are cited to no circumstances in the record which would render the application of this statute inequitable. In fact, we think the equities of this case the other way.

Being of the opinion that the deed from Key to Coggins did not operate to convey title to Coggins, it follows that title never passed out of A. A. Tate and his wife, Sallie Tate. This being true, nothing was taken by A. A. Tate by virtue of the latter deed to him by Coggins. It follows that W. A. Tate, Jr., et al., heirs of Sallie Tate, deceased, are entitled to an undivided one-half interest in the 175-acre tract.

We think the Court of Civil Appeals made correct disposition of the balance of the land. In other words, we think that the heirs of Sallie Tate are entitled to an undivided one-half interest in the entire tract sued for.

We recommend that the judgments of the Court of Civil Appeals and of the district court be both reversed and set aside, and that judgment be here rendered awarding to A. A. Tate an undivided one-half interest in all of the land involved in this suit, and awarding to W. A. Tate et al., the heirs at law of Sallie Tate, deceased, the other one-half interest according to the laws of descent and distribution of this state.

We further recommend that this cause be remanded to the district court for partition proceedings in accordance with this opinion.

CURETON, C. J.

Judgments of the district court and Court of Civil Appeals are both reversed, and judgment rendered as recommended by the Commission of Appeals.