**E. B. LA RUE, Jr., Appellant,**

**v.**

**P. N. WIGGINS, Jr., and Frances W. Hyde, Independent Executrix of the Will and Estate of C. E. Hyde, Deceased, Appellees.**

**No.** 3253.

Court of Civil Appeals of Texas.

Waco.

March 31, 1955.

Rehearing Denied April 21, 1955.

Holland & Moore, Athens, for appellant.

Thompson, Knight, Wright & Simmons, Dallas, Jack T. Life, Justice, Justice & Rowan, Athens, for appellees.

HALE, Justice.

Appellant instituted this suit on May 13, 1953, against C. E. Hyde and P. N. Wiggins, Jr., seeking (1) to rescind an alleged agreement of June 9, 1952, relating to a 1/8 working interest in oil and gas leases covering 2,500 acres of land and (2) to require specific performance of an alleged agreement of January 19, 1952, relating to a 1/8 carried interest in oil and gas leases covering 5,500 acres of land. C. E. Hyde died testate on or about February 24, 1954 and thereafter appellant filed in the cause what he designated as his "Supplemental Petition and Suggestion of Death" wherein he alleged that "he has elected to prosecute this suit against P. N. Wiggins, Jr., the surviving partner and against the partnership formerly composed of said surviving partner and C. E. Hyde, now deceased, without making either the heirs at law or the executrix of the Estate of C. E. Hyde, deceased, or other legal representatives of said Estate parties to this suit."

On June 31, 1954, appellees, P. N. Wiggins, Jr., and Frances W. Hyde as executrix of the will and estate of her deceased husband, C. E. Hyde, filed their verified answer consisting of a general denial, a special denial that Wiggins and Hyde were ever at any time partners and of pleas in bar based upon the Statute of Frauds and the Texas Trust Act. At the same time, they filed their motion in accordance with Rule 166-A, Texas Rules of Civil Procedure, for summary judgment under the provisions of the Statute of Frauds and the Texas Trust Act. Appellant excepted to the executrix joining in the answer of appellees and in their motion for summary judgment, asking the court to strike the name of the executrix from the motion and that "the motion be in all things considered by the court to be the motion for summary judgment of P. N. Wiggins, Jr., individually and as surviving partner in the firm of Wiggins and Hyde."

The court overruled appellant's exception to the action of the executrix in joining in the answer and motion for summary judgment, and after consideration of the motion for summary judgment, the pleadings, affidavits and the testimony of appellant, the court determined and found: that appellant was seeking by his suit to recover an interest in real estate on an alleged verbal agreement; that his alleged cause of action was unenforceable under Art. 3995, Sec. 4, of Vernon's Tex.Civ.Stats., commonly known as the Statute of Frauds and under Art. 7425b-7, commonly known as the Texas Trust Act; and that there was no genuine issue as to any material fact in the cause. Accordingly, the court rendered judgment that appellant take nothing by his suit against either of the appellees, and from this judgment appellant has duly perfected his appeal so that the cause is now properly pending in this court for review.

Appellant predicates his appeal upon three points of error as follows: (1) "The error of the trial court in overruling plaintiff's exception to Hyde's executrix as a party defendant, because a surviving partner has exclusive control of partnership property until partnership affairs are wound up"; (2) "The error of the trial court in granting defendants' motion for summary judgment, because the interest sued for is not an interest in real estate and is not subject to the Texas Trust Act or the

Statute of Frauds"; and (3) "The error of the trial court in granting defendants' motion for summary judgment because, assuming that the interest sued for is an interest in real estate, defendants are estopped by their fraud from relying on the Statute of Frauds and the Texas Trust Act as a bar to plaintiff's suit."

The cause of action asserted by appellant herein is grounded upon two alleged agreements between himself on the one hand and C. E. Hyde and P. N. Wiggins, Jr., on the other hand. According to the pleadings and sworn testimony of appellant, the first agreement was made on January 19, 1952, whereby appellant was to have a 1/8th carried interest in oil and gas leases thereafter to be acquired by Hyde and Wiggins on 5,500 acres of land, and the second agreement was made on June 9, 1952, in lieu of or by way of modification of the first agreement, whereby appellant was to have a 1/8th working interest in oil and gas leases acquired by Hyde and Wiggins on only 2,500 acres of land. Appellant further alleged that the second agreement was induced by fraudulent misrepresentations and that "the only manner in which equity can be done by and between the parties is for this court, by the exercise of its equity power, to rescind the fraudulent agreement procured on June 9, 1952, and order these defendants to specifically perform their contract with plaintiff made and entered into by and between the parties on January 19, 1952." He prayed that "he be granted judgment rescinding the fraudulent agreement of June 9, 1952 and requiring defendants to specifically perform the agreement of January 19, 1952."

■ Since the purpose of the suit was in part to secure equitable relief against C. E. Hyde by way of cancellation of the second alleged agreement relating only to 2,500 acres of land in order to enforce specific performance of the first alleged agreement relating to 5,500 acres of land, we think the surviving widow of the deceased, acting as executrix of his estate, was undoubtedly a proper party to the proceeding. Rule 39, T.R.C.P.; Henderson v. Kissam, 8 Tex. 46; Sharpe v. Landowners Oil Ass'n, Tex.Com. App., 127 Tex. 147, 92 S.W.2d 435; Brown v. Meyers, Tex.Civ.App., 163 S.W.2d 886 (er. ref.); Looney v. Sun Oil Co., Tex.Civ. App., 170 S.W.2d 297 (er. ref. w. o. m.). But, regardless of whether the executrix was or was not either a necessary or a proper party to the proceeding, we fail to see how appellant has been injured by her voluntary appearance in the suit, because it is our view that the duty would have rested on the trial court to enter a take nothing judgment against appellant, even though the name of the executrix had been stricken from the motion for summary judgment. Therefore, we overrule appellant's first point of error.

■ In our opinion, appellees were entitled to a summary judgment in their favor because there was no material issue of fact in the case, in that the pleadings, affidavits and depositions on file in the cause show conclusively that the only ultimate or effective relief sought by appellant herein is the recovery of an interest in real estate on an alleged verbal agreement, contrary to the provisions of the Statute of Frauds and the Texas Trust Act.

Appellant alleged in his petition that he made an investigation of geological information, beginning in the month of September, 1951, to determine if there existed a favorable structure for the drilling of a test well for oil and gas in an area in Henderson and Navarro Counties and that, having concluded a favorable structure existed, he ascertained the ownership of leases covering the land and mineral interests in the area, interviewed the owners thereof and determined that there was a probability that oil and gas leases could be obtained. He further alleged that he entered into an original agreement with Hyde and Wiggins on January 19, 1952 "to deliver all of the information which he had obtained with reference to correlation of geological information, ownership information and all other information he had obtained from those owning leasehold estates and mineral interests within said proposed drilling block, and to accept in exchange for the services which he had performed and was to per-

form, a $\frac{1}{8}$ carried interest in said drilling block, (other than the 2 excepted tracts hereinabove mentioned) and a cash consideration of $1.00 per acre."

Appellant testified in substance, by oral deposition taken on May 29, 1953, that his original agreement with Hyde and Wiggins as entered into on January 19, 1952, was entirely verbal; that he did not own any lease or interest of any kind in the proposed drilling block of approximately 5,500 acres when such agreement was entered into and at that time he did not have any agreement with anyone or any promise from anyone for a lease; and that "it is $\frac{1}{8}$ of the Wiggins and Hyde interest as its stands now" which he seeks to recover in this suit. The verified motion for summary judgment recites that on October 17, 1952, P. N. Wiggins, acting on behalf of himself and C. E. Hyde, paid to appellant $5,612 as commission due him for his services and this verified statement is not denied by appellant.

Art. 3995, Sec. 4, of Vernon's Tex.Civ. Stats., provides in effect that no action shall be brought in any court upon any contract for the sale of real estate or the lease thereof, for a longer term than one year, unless the promise or agreement upon which such action shall be brought, or some memorandum thereof, shall be in writing and signed by the party to be charged therewith or by some person by him thereunto lawfully authorized. Art. 7425b–7 provides, among other things, that a trust in relation to or consisting of real property shall be invalid, unless created, established or declared by a written instrument subscribed by the trustor or by his agent thereunto duly authorized, in writing.

Although it clearly appears from the verified petition and oral deposition of appellant that the nature and intended purpose of his suit was and is to recover an interest in real estate, contrary to the statutory provisions next above referred to, appellant says his suit for specific performance of the alleged verbal agreement of January 19, 1952 was removed from the bar of the Statute of Frauds and the Texas Trust Act because, in his verified answer to the motion of appellees for a summary judgment, he averred that the term "carried interest", which forms the subject matter of this suit, means "a proportional interest in the net profits accruing to a particular firm or person from an oil and gas transaction, such as the one which is the subject matter of this suit." We cannot agree with this contention. We find no pleading or proof, either by deposition, affidavit or otherwise, that there has been or will be any net profits accruing to appellees, or either of them, by reason of the leasehold estate which they own in and to the 5,500 acre drilling block referred to in the alleged agreement. Furthermore, we doubt whether appellant can raise an issue of fact by an allegation in his verified answer to the motion of appellees for a summary judgment which is at variance with his verified petition and his oral deposition. But, be that as it may, we are of the opinion that any present interest in the net profits, if any, to accrue to appellees in the future by reason of their ownership of oil and gas leases covering the 5,500 acre drilling block in controversy, constitutes and is an interest in real estate within the meaning of the Statute of Frauds and the Texas Trust Act. Consequently, we overrule appellant's second point of error. Sheffield v. Hogg, 124 Tex. 290, 77 S.W.2d 1021; Danciger Oil & Refining Co. v. Christian, Tex.Civ.App., 109 S.W.2d 980 (er. dis.); Carr v. Stringer, Tex.Civ.App., 171 S.W.2d 920 (er. ref. w. o. m.); McLean v. State, Tex.Civ.App., 181 S.W.2d 725 (er. ref.); American Liberty Oil Co. v. State, Tex.Civ.App., 197 S.W.2d 381 (er. ref. n. r. e.); Howard v. O'Neal, Tex.Civ.App., 246 S.W.2d 907 (er. ref. n. r. e.); Starr v. Ripley, Tex.Civ.App., 265 S.W.2d 225.

We see no basis upon which appellees could be estopped by their conduct from relying on the Statute of Frauds and the Texas Trust Act as a bar to appellant's suit. Appellant has never had possession of anything for which he sues in this case. In Hooks v. Bridgewater, 111 Tex. 122, 229 S.W. 1114, 15 A.L.R. 216, the Supreme Court of this State held that in order to relieve a parol sale of land from the operation

of the Statute of Frauds, it is necessary that the vendee be in possession. Furthermore, the only fraud alleged against appellees has to do with misrepresentations which induced appellant to enter into the agreement of June 9, 1952, there being no claim of fraud in the making of the alleged agreement of January 19, 1952, which appellant seeks to enforce in this suit. Accordingly, we overrule appellant's third point.

Finding no reversible error in the record, the judgment appealed from is affirmed.