CLAUDE T. ALLEN AND WILMA R. ALLEN, Petitioners v COMMISSIONER OF INTERNAL REVENUE, Respondent
Allen v. Commissioner
Docket No. 5569-89
United States Tax Court
T.C. Memo 1990-651; 1990 Tax Ct. Memo LEXIS 726; 60 T.C.M. (CCH) 1511; T.C.M. (RIA) 90651; December 27, 1990, Filed *726 Decision will be entered under Rule 155. Claude T. Allen, for the petitioners. Richard T. Cummings, for the respondent. SCOTT Judge. SCOTT *2161 MEMORANDUM FINDINGS OF FACT AND OPINION Respondent determined a deficiency in petitioners' income tax for the calendar year 1985 in the amount of $ 4,505.79 and additions to tax under section 6653(a)(1) and (a)(2) in the amount of $ 225.28 and in an amount to be determined, respectively. *727 [1] Aside from petitioners' contention that the deficiency as determined by respondent is erroneous, no issue with respect to the additions to tax is raised in the petition. Some of the issues raised by the pleadings have been disposed of by agreement of the parties, leaving for our decision whether petitioners are entitled to deduct the amount of $ 15,000 as legal fees for the calendar year 1985. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. At the time of filing the petition in this case, petitioners were married and resided in Houston, Texas. They filed a joint Federal income tax return for the calendar year 1985 with the Internal Revenue Service at the Austin Service Center. In 1985 petitioners computed their taxable income for Federal income tax purposes under the cash method of accounting. On June 3, 1985, Claude T. *728 Allen (petitioner) engaged the law firm of Crady, Jewett, Johnston & McCulley (previously known as Crady & Peden) (firm) to represent him in a Chapter 11 bankruptcy proceeding. On June 4, 1985, petitioner delivered to Mr. Charles Crady III (Mr. Crady), a partner in the firm, a deed to an undivided 5-percent interest in approximately 12 acres of land in Comal County, Texas (deed). Mr. Crady forwarded the deed to the Comal County Clerk for recording, but the Clerk returned the deed to Mr. Crady without having recorded it. The 12 acres in Comal County had previously been deeded to Mr. Crady as trustee when a dispute had arisen between a Mr. Holmes and petitioner with respect to the land. On June 4, 1985, when petitioner gave Mr. Crady the deed Mr. Crady held legal title to the land as trustee. After the deed was returned, Mr. Crady placed it in a file, and it, along with the balance of that file, has since been lost. After the deed was returned to him and before the end of 1985, Mr. Crady discovered that his representation of Mr. Holmes constituted a conflict of interest with his handling petitioner's bankruptcy proceeding and determined that the firm could not continue to represent *729 petitioner. Although an associate of the firm continued to advise petitioner, the firm in 1985 wrote off all the fees it had shown on its books as due by petitioner and never billed petitioner for any services provided. At the time in 1985 of authorizing the write-off of amounts shown on the books as due to the firm from petitioner, Mr. Crady considered himself as no longer having any interest in the 5 percent of the Comal County property for any purpose. The firm did not include any amount representing the value of the property interest in Comal County in their taxable income for 1985. Petitioners deducted on their Federal income tax return for 1985 the amount of $ 15,000 as *2162 legal fees paid during that year based on delivery of the deed to Mr. Crady. Respondent disallowed this claimed deduction with the explanation that it had not been shown that the amount constituted an ordinary and necessary business expense, was expended, or was expended for the designated purpose. OPINION Because petitioners are cash basis taxpayers, they are entitled to deductions only for otherwise deductible expenses paid during the taxable year. Sec. 461(a). Section 162(a) allows *730 a deduction for all ordinary and necessary expenses paid or incurred during the year in carrying on a trade or business. This Court has found that legal expenses attributable to bankruptcy are deductible if the origin and character of the expense is a business expense. Dowd v. Commissioner, 68 T.C. 294, 303-304 (1977). Respondent does not contest the business origin of petitioner's bankruptcy proceeding. The issue here is the factual one of whether legal fees attributable to petitioner's bankruptcy were paid by petitioner in 1985 and, if so, the amount paid. Petitioner argues that, because he executed and delivered a general warranty deed to the firm to be used to satisfy expenses incurred in representing him in a bankruptcy proceeding, he should be allowed a deduction of $ 15,000 for legal fees in 1985. Respondent contends that there was no payment of legal fees by petitioner in 1985 and the legal fees originally charged to petitioner during that year were written off by the firm before the end of the year and petitioner was never charged by the firm for services. The record is unclear as to whether the deed petitioner gave to the firm was to be used to pay *731 legal fees, if any, or whether it was merely to guarantee payment of fees not otherwise paid by petitioner. The partner in the firm to whom the deed was given testified that it was understood that fees incurred by petitioner would be charged against the value of the interest in the land, but that there was an agreement that the deed would be returned to petitioner if the fees were otherwise paid. Petitioner testified that although the deed was a general warranty deed he had an oral agreement with Mr. Crady that the deed would be returned to him or the 5-percent interest in the land reconveyed to him if he paid the legal fees due to Mr. Crady's firm in some other manner. Petitioner contends that his oral agreement should not be considered since it was not enforceable under Texas law. Under Texas law, an unrecorded deed is valid and binding between the parties. Tex. Prop. Code Ann. sec. 13.001 (Vernon 1984); Cowden v. Bell, 293 S.W. 2d 611 (1956), affd. 157 Tex. 44, 300 S.W. 2d 286 (1957). Lack of filing did not negate the transfer of the property interest from petitioner to Mr. Crady. Mr. Crady did accept the deed to use if necessary to discharge *732 amounts due for services, but after Mr. Crady discovered the conflict of interest in his handling of petitioner's bankruptcy case, all fees previously charged to petitioner's account with the firm were written off. At the end of 1985 petitioner owed nothing to the firm and no bill was ever sent to him. At the end of 1985, there was no legal obligation from petitioner to the firm to be charged against the property transferred by the deed from petitioner to Mr. Crady. It is therefore immaterial whether the parties understood the deed to be a guarantee of payment or to be held as payment for legal fees that come due. Nothing became due from petitioner to the firm in 1985 and, therefore, there were no legal fees in that year for the deed to pay. At the end of 1985 no legal obligation of petitioner to pay the firm for the services it provided him had arisen nor was such an obligation going to arise in the future since Mr. Crady's firm was unable to represent petitioner because of a conflict of interest. For that reason before the end of 1985 the firm had written off all charges for prior services to petitioner and had no intention of charging petitioner for any services. Although *733 this case is factually different from "pre-payment" cases where a taxpayer attempts to deduct an amount paid in a year prior to the year in which the amount becomes due, the statement in Bonaire Development Co. v. Commissioner, 679 F.2d 159, 161 (9th Cir. 1982), affg. 76 T.C. 789 (1981), that -- Courts have long held that, in general, for an expenditure to constitute an ordinary and necessary business expense of the taxable year in which it is paid, it must satisfy a legal obligation to pay that already has arisen. See, e.g., Rose v. Commissioner, 52 T.C. 521, 532 (1969); Bassett v. Commissioner, 26 T.C. 619 (1956); cf. Bauer Bros. Co. v. Commissioner, 46 F.2d 874, 876 (6th Cir. 1931) (accrual basis). * * * is applicable here. If an amount not yet due is not deductible, certainly an amount not due and never to become due is not deductible. Certainly, under the facts here present, the deed by petitioner to Mr. Crady should have been returned to petitioner and it appears from the record it would be returned, if it could be found. There is evidence that an associate in the firm *734 continued to assist petitioner in his bankruptcy proceeding after the partner, Mr. Crady, discovered the conflict of interest and had the firm discontinue its representation of petitioner. In fact, it is unclear from the record exactly when *2163 petitioner was notified of the inability of the firm to continue representing him in his bankruptcy proceeding. However, it is clear that the firm did not intend to and did not in fact charge petitioner for services or advice rendered during the 1985 calendar year or at any other time. No legal obligation arose from any services rendered to petitioner by the firm. Since we conclude that petitioner paid no attorney's fees and owed no such fees to the Crady firm in 1985, we do not reach the question of the value of the property covered by the deed. For the reasons stated herein we sustain respondent's disallowance of the $ 15,000 deduction claimed by petitioner as an expenditure for legal fees in 1985. Decision will be entered under Rule 155. Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect for the year in issue.↩